8:25-cv-02356-WFJ-NHA

# 1.UNITED STATES SUPREME COURT  AND 2. FEDERAL CLAIMS COURT AND 3. FLORIDA MIDDLE DISTRICT COURT

SEP 3 2025 PM3:29
FILED - USDC - FLMD - TPA

USSC #_____ FCC #_____ FFMD #_____

## 4.“FRAUD VITIATES EVERYTHING” COMPLAINT (1878) 98 U.S. 61 25 L.ed 93

5. **BURNS, K** -The unwanted creation of a 21 year old republican named Ms. Rogers, who created me on her birthday, in a drunken state, that mushrooms did not kill, but just mentally effected in to a mistake that  she abandoned at birth  on my 70 year old demarcate parents  door step. Who where force to ADOPT ME, RAISE ME AND  LEGALLY DEFEND ME WHILE HAVING DEMENTIA, THAT HE WAS LEGALLY COMMITTTED FOR TILL HE STARVED TO DEATH IN 2004, BY THE SAME COURT HE WAS FORCED TO LEGALLY REPESENT ME IN 2001. That when my father was counsel for the  record on the burglary charges, the case file said under penalty of perjury that I did not steal anything or commit any crimes in the original burglary investigate report and since  I was found by the department of juvenile justice to be incompetent to stand trial due to giving my involuntary  “CONFESSION” during transport from MENTAL HEALTH HOPITAL to ANOTHER MENTAL HEALTH HOSPITAL MAKING ME A FEDERALLY KIDNAPPED  PAITIENT UNDER THE MEDICAID ACT OF 83.AND PROVED HOW MY CASE SHOULD HAVE BEEN DISMISSED WHEN I WAS A CHILD, NO A 40 YEAR OLD MAN. Who was  transferred from a mental health hospital to jail then to state prison for 11 ½ years in FDOC custody. ALL to hid the PASCO/SSA  federal funds scam of paying multiple mental health hospitals and the arresting detective to write the involuntary examination FOR one baker acted child. TO CONVICT AND TO KEEP STOLEN PROPERTY. STATEMENT OF FACT I VOTED FOR TRUMP IN 2020 AND DESANTIS IN 2022, WHICH I NOW SEE AS A MISTAKE CAUSE THEY HAVE NOT ADDRESSED OR EVEN TRIED TO FIX THIS CORRUPTION

THAT I NOW HAVE REGISTERED AS A DEMACRATE TO FIX IN 2026 AND 2028 IN HONOR OF MY FATHER DAVY BURNS THAT I WILL DONATE HALF OF ANY AWARD I WIN IN HIS NAME.

## 6. POSSSIBLE CO-PLAINTIFF GOVERNOR **CANIDATE NIKI FRIED, DAVID JOLLY AND BYRON DONALDS** WHO HOPEFULLY STAND WITH ME IN SAYING 7. IN ORDER TO CONVICT A CHILD

ALL EVIDENCE MUST BE IN THE RECORD EVEN IN PLEA CASES

Vs. THOSE WHO DO NOT BELIEVE IN THE UNITED STATES CONSTITUTION

8.PRESIDANT **DONALD TRUMP**  CEO & 9. **RON DESANTIS**  CFO &

THE FEDERAL GOVERNMENT (10.SSA & 11. HOUSING DEPARTMENT) &

12. THE STATE OF FLORIDA &

13. THE FIRST AND SECOND FLORIDA FEDERAL DISTRICT APPEALS COURT

14. OFFICER OF THE COURT **STEVEN GREINER**

15. OFFICER OF THE COURT **JAMES KELLY**

16. OFFICER OF THE COURT **STANLEY GRIFFIS**

COMES NOW, BURNS, K, WHO REPRESENTS HIS SELF  AND PRSENTS THE FOLLOWING EVIDENCE AND PETITION FOR REDRESS OF GREIVENCES IN GOOD FAITH OF THELORD AND JUST CAUSE TO CLEAR THE BURNS NAME.

JURISDICTION- FOR THIS COMPLAINT IS FOUND IN THE UNITED STATES CONSTITUTION AND THE FACT I AM A UNITED STATES BORN CITIZEN.

I.F.P.

THE LAW OF THE LAND, IS THE CASE
LAW OF RECORD. THAT SAYS ONE
MAN SHALL NOT BE GIVEN MORE OF A
PUNISHMENT FOR THE SAME CRIME
THEN ANOTHER,

Justice for KAIN

SO FOR 20 DOLLARS I WILL GIVE YOU
A GOV. RECORDED HOMELESS SCHIZOPHRENIA STORY FOUND
IN BURNS Vs. FLORIDA        AND

BURNS Vs. UNITED STATES


THAT WILL SHOW YOU THAT
YOU HAVE NO CIVIL OR
CONSTITUTIONAL RIGHTS IN AMERICA
ANY MORE. YOU WILL BE FALSE
IMPRISONED FOR NOT COMMITTING
ANY CRIMES AND EVICTED FOR OVER
PAYING YOUR RENT just like me AS A
JUVENILE ADULT  DISABLED CITIZEN

1

1.

2.MOTION

3-6.  PEOPLE OF INTREST

7. RIGHT TO DRIVE TAKEN AWAY

8. BECAUSE I REGISTERED AS A DEM.

9. LIFE THREATING KNEE INJURY

8. THEN SENT TO WORK RELEASE

9. THEN SENT TO WORK RELEASE

10. FOUND SCHIZO- AFFECTED

11. PUT IN C.S.U.

12. BIT VEINS OUT WHILE IN C.S.U

13. STATEMENT

14. QUESTION

15. TURNED AWAY FROM MENTAL HOSPITAL

16. LETTER FROM SHERIFF

17. EMAIL FROM STATE ATTORNEY

18. LETTER FROM DESANTIS

19. BARRED FROM COURT

20. APPEALS RECORD

21-22. RECORD REQUEST DENIAL

23. ATTORNEYS RECORDS REQUEST

24. 911 CALL AND BAKER ACT REPORT

25. BAKER ACT & NARCOTICS REPORT

26. POLICE SAY NOTHING WAS STOLEN
BUT STILL SEIZED THE PROPERTY AND
NEVER ENTERED IT INTO COURT RECORDS OR
RETURNED THE PROPERTY.

27. VEHICAL INFORMATION

28.  EVIDENCE/PROPERTY  SEIZED LIST

29. PROOF OF CAR OWNERSHIP

29. NARCOTICS COURT FILE RECORDS

30. POLICE REPORT

31. COURT SUMMARY

32. 5/20/2001 BAKER ACT FINDINGS

33-34. PROPERTY RECEIPT

35-36 . BURGLARY INVESTIGATION REPORT

37. WRITTEN CONFESSION

38. DOJJ REPORT

39. STATEMENT

40. REDACTED RECORDS

41. 2001 FELONY BURGLARY

42. 2002 HOMES FINAL CONSTRUCTION DATE

43. ALTERED YOUTH INFORMATION

44. BURGLARY ARREST REPORT

45.PROOF OF WRONGFUL CONVICTION

46-47. CASE DOCKET

48. ALTERED ARREST RECORD

49-52. WITNESS AFFIDAVIT

53. 10/11/12  FINDINGS OF M/H

54. M/H  RECORDS

55-56. COURT ORDER

57. ALTERED CRIMINAL HISTORTY

58. BIRTH CERTIFICATE

59. SSA PAYMENT AMOUNT

60. SSA FINDINGS

61-62. FEDERAL COURT CASE

63. 11TH APPEALS COURT CASE

64. REQUEST FOR COUNSEL

65. DENIAL OF CHANGE IN REP,

66. COURT TAKES NO ACTION,

67. MOTION FOR REHEARING

68-69. NO EVIDENCE OF RECORD

*1*

70-71. EVIDENCE OF RECORD,

72. CLAIM TO NO EVICENCE,

73-74. EVIDENCE OF RECORD,

75-76. REPRESENTATIVES BREIF,

77. 1-2006 TILL 10-2012 TREATMENT

78. SSA DID NOT REQUEST RECORDS,

79. SSA SAID I WILL KILL MYSELF OR OTHERS.

80-84. 1-30-2006 TO 11/1/2006 TREATMENT

85-89. FILLINGS FROM APPEALS COURT

90. FIRST SIGNED NOTICE,

91-92. SECOND REJECTED NOTICE,

93-96. RENT PAYMENT TO STATE COURT,

97-98 RENT PAYMENT TO FEDERAL COURT,

99. FIRST NOTICE OF NON PAYMENT 3/1/24

100. NEXT BUSINESS DAY RENT PAYMENT MADE 3/4/24,

101. RENT PAYMENT GIVEN TO PROCESS SERVER FOR
RETURN 4/5/24,

102. ON 4/2/24 A OFFICER OF THE COURT TOLD THE COURT
I DID NOT PAY MY RENT WHILE BEING IN POSSESSION OF THE
RENT PAYMENT THAT OVER PAID MY RENT BY 6 MONTHS.

103. FRADULENT EVICTION COMPLAINT,

104. TO WHOM IT MAY CONCERN STAEMENT FROM MS. ROGERS



## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Counsel for Plaintiff- Appellant certifies that the following persons have an interest in the outcome of this case:

Brown, James, Ph. D, Social Security Administration;

Burns, Kevin, Appellant-Plaintiff;

Cannon, Hon. Hope, United States Magistrate Judge, Northern District of Florida;

Conger, Thomas, Ph.D., Social Security Administration;

Coody, Jason R., United States Attorney, Northern District of Florida, Counsel for Appellee-Defendant;

Davis, Traci B., Deputy Associate General Counsel, Social Security Administration (SSA), Counsel for Defendant-Appelle;

Fisher, Peter G., Assistant United States Attorney, Northern District of Florida, Counsel for Appellee-Defendant;

Froechlich, Gregory J. Administrative Law Judge, SSA;

Harris, Christopher G., Regional Chief Counsel, Social Security Administration, Counsel for Appellee-Defendant;

Holzberger, Malia L., Assistant Regional Counsel, Social Security Administration, Counsel for Appellee-Defendant;

Huberty, Brian C., Assistant Regional Counsel, Social Security Administration, counsel for Appellee - Defendant ;

Kijakazi, Kilolo, Commissioner, Social Security Administration, Defendant-Appellant;

Lawrence, Noel G., Counsel for Appellant-Plaintiff

Le, Willy M., Associate General Counsel, SSA, Counsel for Defendant-Appellee;

Merchant, George W., Administrative Law Judge, Social Security Administration;

Palermo, Joseph P., III, Senior Attorney, SSA, Counsel for Defendant-Appellee

i

G

Peake, Dianna, Social Security Disability Determination;

Quach, Tracey M., Administrative Appeals, SSA;

Sausser, Jill A., Attorney, SSA, Counsel for Defendant-Appellee;

Smith, Rylan L., Special Assistant United States Attorney, Assistant Regional Counsel, Social Security Administration, Counsel for Defendant-Appellee;

Stafford, Hon. William, Senior United States District Judge, Northern District of Florida;

Stoner, John C., Deputy Regional Chief Counsel, Social Security Administration, Counsel for Defendant-Appellee;

Sutherland, Kevin, Appeals Officer, Social Security Administration;

Williams, Beverly E., Branch Chief, Social Security Administration, Counsel for Defendant-Appellee;

Windham, R. Dalton, Attorney, SSA, Counsel for Defendant-Appellee;

Winters, Richard H., Assistant Regional Counsel, Social Security Administration, Counsel for Defendant-Appellee.



*Ineffective worthless*

*desrace*

Respectfully submitted,

/s/ Noel G. Lawrence

Noel G. Lawrence, Esquire
Florida Bar No.: 844251
LAW OFFICES OF
NOEL G. LAWRENCE, P.A.
101 East Union Street, Suite 200
Jacksonville, Florida 32202
Telephone No.: (904) 356- 9928
Facsimile No.: (904) 356- 6762
Email: nglawren@lpnlaw.com
Attorney for Appellant/Plaintiff
Kevin Burns

ii

*ALL ABOVE Defendants will be served thur SSA as one defendant*

4

None Kevin lee BURNS because the State of
flurida for the united States will not legally

# I. PARTIES TO THIS COMPLAINT

do there Job and Stop

A. Plaintiff(s)    Violationing    my right to be called
by my Nome
1. Plaintiff's Name:    KAIN BURNS

## CERTIFICATE OF SERVICE

First 4 poges the

I hereby certify that a true and correct copy of the foregoing (insert name of
document here) has been furnished by regular U.S. Mail to counsel for the defendant, Rest
(insert name of defendant's attorney here) at (insert address of defendant's attorney will and
here), on this date, (date you mailed the copy to the defendant's attorney). can be found
online

9/3/25

(your signature)

36101 Co Rd 52
Unit 2101
Sta Leo, FLA 33574

KEVIN BURNS
PRO-SE Counsel

1. Chryl Rogers - 6250 7th Ave N.P.R. FLA 3705-
A. Coastol creationy inc. 930 landolakes Dlvd. Stk 6., Lutz FLA 33599

2. John and Chryl Gooldin - 6250 7th Ave N.P.R FLA 34652
A. The Griffin LAW firm · 13 SE 1st AVE. Chirfland, FLA 32626

3 - Ashey Moody - 400 S MONROE STREET, TALLAhasJee, FLA 32399

A. STATE ATTORNEY 6th Circuit - 7530 Little Rd, NPR, FLA 34654
B. Public DEFENDER 6th Circuit - 7530 Little Rd NPR FLA 34654
C. DADE City Court 6th Circuit · 38053 Live ock Ave ste 205 Dade city Fl 33523

D. James E. KELLY - 12249 US Highway 301, Dade city FLA 33525

4. Dixie County Manager, 56 NE 210th Ave Cross city FLA 32628

5. MARtin O Molicy "SS" · 6401 Security blvd, Baltimore, MD 21235

6. UNITED STATES CAPITOL, Washington, DC 20004



**Dave Kerner**
Executive Director

2900 Apalachee Parkway
Tallahassee, Florida 32399-0500
www.flhsmv.gov

C-100    **NOTICE OF ORDER OF CANCELLATION AND FINAL ORDER**
JUNE 10, 2025

*Feb 28, 2020 offence date*
*Disposition date: December 14, 2020*
KEVIN LEE BURNS
~~[redacted]~~
~~[redacted]~~
*33601 Cord 52, UNIT 2/01, St. LEO FL 33574*

DRIVER LICENSE NUMBER: B202-247-41-500-0
CITATION NUMBER: A1OW61E

This document serves as official notification from the Florida Department of Highway Safety and Motor Vehicles (FLHSMV) that your driving privilege will be cancelled indefinitely effective **September 29, 2025**, at 12:01 a.m. because the FLHSMV's records indicate you have a violation of failing to obey a steady red light; therefore, you are required to complete a 4-hour Basic Driver Improvement Course approved by the FLHSMV per section 322.0261, Florida Statutes.

To possibly avoid cancellation of your driving privilege, the FLHSMV must receive proof of your completion of the approved course prior to **September 29, 2025**. The FLHSMV does not provide extensions for traffic school requirements. This course must be taken in Florida or online through an approved Florida provider. For a list of approved online course providers, please visit **flhsmv.gov/BDI**. The FLHSMV does not accept out-of-state school completions to satisfy this requirement.

After you have completed the course, the course provider will update the FLHSMV's system to reflect your completion. To ensure the course completion is properly updated to your driver record, please provide the correct driver license number and the citation number listed above when registering for the course. You can check the status of your driving privilege five days after completing the course by visiting your **MyDMVPortal.flhsmv.gov** or by calling the Customer Service Center at 850-617-2000.

If you believe you have any basis to show why this action is incorrect, you may request a hearing to present evidence per section 322.271, Florida Statutes. Please note, a request for a hearing does not stop the cancellation from going into effect on **September 29, 2025**, and does not stop the 30-day timeframe to appeal from the effective date of the Final Order per section 322.31, Florida Statutes. Please visit your **MyDMVPortal.flhsmv.gov** or contact 850-617-2080 to request a hearing. A fee is required when scheduling a hearing to contest the cancellation.

This Notice of Cancellation, dated and filed in the official records of the FLHSMV on June 10, 2025, will become a Final Order if you do not comply with the requirements filed, entered and effective on

HSMV-CANCFTCBDI (Rev. 03/2020)                                        Page 1 of 2

7

BECAUSE I REGISTERED AS A DEMOCRATE IN MEMORY OF MY FATHER.                    NOW

THE REPUBLICAN STATE OF FLORIDA, IS GOING TO TAKE MY DRIVER LICENCE FOR EVER!

EMERGENCY

WRIT OF MAN-DAME-USA

TO CONDEAM AND STOP FLORIDA FROM ONCE AGAIN VIOLATING MY CIVIL AND CONSTITUTIONAL RIGHTS,

By allowing the same judge who blocked my access from the court to ask the following questions(?) and is the same judge who held a criminal traffic court hearing that I was not at and enter in to an agreement with me but never told me about the deal they reached in 2020. That they now have said I have violation and my punishment is never drive again?

8

EXHIBIT NO. B9F
PAGE: 286 OF 513

12/8/2009 12 29 AM  FROM  386 252 4986 Emergency Medical Foundation Inc  TO. +1(386) 238-2287   PAGE. 006 OF

## FINAL                                                    Patient Care Report

**EVAC**

PO BOX 6045
DAYTONA BEACH, FL  32122
(386) 252-4900 Ext.

| | |
|---|---|
| Run Number | 0968375 |
| Date of Service | 12/07/2009 |
| Patient Name | KEVIN BURNS |

### TREATMENT SUMMARY CONTINUED

| Time | PTA | Treatment | Who performed | Comments |
|---|---|---|---|---|
| 21 04 | | Morphine | Smith, Lisa | |
| | | Complication | Complication | |
| | | Dosage=2 mg | Route=IVP | Indication=Pain Management |
| | | Result=Pain Reduction | | |

| Time | PTA | Treatment | Who performed | Comments |
|---|---|---|---|---|
| 21.13 | | Morphine | Smith, Lisa | |
| | | Complication | Complication | |
| | | Dosage=2 mg | Route=IVP | Indication=Pain Management |
| | | Result=Pain Reduction | | |

### NARRATIVE

UPON ARRIVAL FOUND PT LYING SUPINE IN BED, C/O R KNEE PAIN AND DEFORMITY PT STS THAT HE SLIPPED IN THE LOCKER ROOM AND HIS R LEG WENT UNDER HIM, POSSIBLY DISLOCATING HIS R PATELLA. PT STS THAT HE HAS DISLOCATION HIS R PATELLA 5 TIMES PREVIOUSLY, ALSO HAD KNEE SURGERY GCS 15  SKIN PINK, WARM AND DRY PUPILS PEARRL  STAFF ON SCENE STS THAT PT REFUSED SPLINTING, THAT PT WAS GIVEN 60MG TORDOL IM 2 HRS AGO  COPY OF STAFF'S REFUSAL ATTACHED TO FACESHEET  PT RATES PAIN 10/10 ATT  PT TAKEN TO UNIT AND GIVEN IV WITH 2MG MS  PT STS NO PAIN RELIEF WITH MS  PT GIVEN O2 AND BGL SINUS TACH ON MONITOR  PT STS THAT PAIN INCREASES WITH MOVEMENT  PT GIVEN ADDITIONAL 6MG MS Q 5 MINS EN ROUTE TO HOSP  PT STS THAT MS IS ONLY TAKING THE EDGE OFF SLIGHTLY, RATING 8/10 WHEN SITTING STILL  PT DENIES N/V, DENIES SOB, DENIES ANY OTHER PAIN ATT  NO ADDITIONAL CHANGES IN PT CONDITON EN ROUTE TO HOSP  PT TAKEN TO 704 WITHOUT INCIDENT  OFC RICHARDSON SIGNED ON BEHALF OF PT

### HIPAA

| Delivery Date. | Delivery Method. | Delivered To Relationship. | Delivered To. |
|---|---|---|---|
| | | | |

| Ack. Date. | Ack. Method. | Ack. By Relationship. | Ack. By. |
|---|---|---|---|
| | | | |

no signatures entered

9

**980**

**FLORIDA DEPARTMENT OF CORRECTIONS**
**PRERELEASE HEALTH CARE SUMMARY**

☐ EOS    ☐ INS    ☒ Work Release/Community Corrections    ☐ Other

Date __9/31/11__    Work Release/CCC transferring to (if applicable):_____

Date of last periodic screening/physical __5/7/08__    Received copy of HIV test results? ☐ Yes ☒ No ☐ N/A

X-ray date/ results __3-7-11__    PPD date/results __7-25-11    0/0mm__

| | M | S | | W | | T | | I | | SD |
|---|---|---|---|---|---|---|---|---|---|---|
| Vital Signs: T __98__ | | P __6/__ | | R __18__ | | B/P __112/74__ | | Weight __204__ | | |

Post-release health care recommendations/follow-up (include explanation of profile if other than medical grade I) (FUP1):

Ⓡ knee patella dislocation, stable. otherwise normal exam    Follow up with provider of choice.

Contact precautions (FUP2)? ☒ No    ☐ Yes  If yes, explain:_____

| Current medications (FUP3) | Dose/Frequency | |
|---|---|---|
| | | Psychotropic medication within past year? ☒ No ☐ Yes |
| | | Alleged Sexual Assault? ☒ No ☐ Yes  Date: |
| | | ☐ Perpetrator  ☐ Victim |
| | | Self-injurious or suicidal behavior within past year? ☒ No ☐ Yes  Date: |
| | | Medical or mental health holds? ☒ No ☐ Yes |
| | | Prescription written? ☒ No ☐ Yes |
| | | Medication sent with inmate? ☒ No ☐ Yes ☐ 7 days ☐ 30 days ☐ _____days |

Appliance/equipment needed (FUP4): _____

Equipment sent with inmate: ☐ No ☐ Yes    ☐ Health education provided

Aftercare referral to (if applicable) (FUP5): _____

Deformities, evidence of abuse or trauma, disabilities or other physical limitations. ☐ No ☐ Yes If yes, explain:_____

Hx of mental health problems? ☒ No ☐ Yes If yes, explain:_____
Current mental health problems? ☒ No ☐ Yes If yes, explain:_____
Hospitalization within past year? ☒ No ☐ Yes If yes, reason:_____

I have reviewed the above information and received a copy.

_____    _____ K. JOHNSON, ARNP
Inmate Signature    Clinician/Health Care Staff Signature/Stamp    Charlotte, C.I.

medically cleared for work release

A copy of medical records may be obtained by sending a request in writing (with a signed release of information form) to: Reception and Medical Center, Inactive Medical Records, PO Box 628, Lake Butler, FL 32045

Inmate Name __BURNS, KEVIN__
DC# __R24329__    Race/Sex __WM__
Date of Birth __3-26-84__
Institution __CHCU__

Distribution:
Original-Medical Record
Canary- Inmate

This form is not to be amended, revised, or altered without approval of the Deputy Assistant Secretary of Health Services Administration

DC4-549 (Revised 3/05)

### FLORIDA DEPARTMENT OF CORRECTIONS
## PRERELEASE HEALTH CARE SUMMARY

☐ EOS    ☐ INS    ☒ Work Release/Community Corrections    ☐ Other

Date **9/31/11** Work Release/CCC transferring to (if applicable): _____

Date of last periodic screening/physical **5/7/08** Received copy of HIV test results? ☐ Yes ☒ No ☐ N/A

X-ray date/ results **3-7-11** PPD date/results **7-25-11 Ø6mm**

| M | S | W | T | I | SD |
|---|---|---|---|---|---|
| | | | | | |

Vital Signs: T **98** P **61** R **18** B/P **112/74** Weight **204**

Post-release health care recommendations/follow-up (include explanation of profile if other than medical grade I) (FUP1):

Ⓡ knee patella dislocation,
stable. otherwise normal
exam

Follow up with
provider of choice.

Contact precautions (FUP2)? ☒ No  ☐ Yes If yes, explain: _____

| Current medications (FUP3) | Dose/Frequency | Psychotropic medication within past year? ☒ No ☐ Yes |
|---|---|---|
| | | Alleged Sexual Assault? ☒ No ☐ Yes Date: |
| | | ☐ Perpetrator ☐ Victim |
| *none* | | Self-injurious or suicidal behavior within past year? ☒ No ☐ Yes Date: |
| | | Medical or mental health holds? ☒ No ☐ Yes |
| | | Prescription written? ☒ No ☐ Yes |
| | | Medication sent with inmate? ☒ No ☐ Yes ☐ 7 days ☐ 30 days ☐ ___days |

Appliance/equipment needed (FUP4): _____

Equipment sent with inmate: ☐ No ☐ Yes  ☐ Health education provided

Aftercare referral to (if applicable) (FUP5): _____

Deformities, evidence of abuse or trauma, disabilities or other physical limitations. ☐ No ☐ Yes If yes, explain: _____

Hx of mental health problems? ☒ No ☐ Yes If yes, explain: _____

Current mental health problems? ☒ No ☐ Yes If yes, explain: _____

Hospitalization within past year? ☒ No ☐ Yes If yes, reason: _____

I have reviewed the above information and received a copy.

_____    _K. Johnson ARNP_  K. JOHNSON, ARNP
Inmate Signature                Clinician/Health Care Staff Signature/Stamp   Charlotte, C.I.

*medically cleared for work release*

A copy of medical records may be obtained by sending a request in writing (with a signed release of information form) to: Reception and Medical Center, Inactive Medical Records, PO Box 628, Lake Butler, FL 32045

Inmate Name **BURNS, KEVIN**

DC# **R26329**    Race/Sex **WM**

Date of Birth **3-26-84**

Institution **Chau**

Distribution:
Original-Medical Record
Canary-Inmate

This form is not to be amended, revised, or altered without approval of
Deputy Assistant Secretary of Health Services Administration

DC4-549 (Revised 3/05)

STATE OF FLORIDA - DEPARTMENT OF CORRECTIONS
INDIVIDUALIZED SERVICE PLAN (PART I)                                        DATE:

| DSM DIAGNOSIS: | Revised:    10-5-11 |
|---|---|

**AXIS I**
298.9 Psychotic Disorder, NOS
R/O 295-30 Schizophrenia, Paranoid type

**AXIS II**
301.7 Antisocial Personality Disorder

**AXIS III**
dislocated knee

**AXIS IV**
Incarceration

**AXIS V**
GAF 60

PATIENT STRENGTHS: Strengths which may affect his/her success in achieving treatment goals. (Write dates when changes are made.)
Date:

Access to Mental health treatment

Good verbal skills

PATIENT LIMITATIONS: Limitations which may affect his/her success in achieving treatment goals.
Date:

Hallucinations/Paranoid ideations

Hx of suicidal behaviors

Inmate Name  Burns, Kevin
DC#:    R26329          R/S: W   /M
Date of Birth: 3-26-84
Institution:    CHARLOTTE CI
Individualized Service Plan (Part II)
DC4-643B (08/07)

10

**FLORIDA DEPARTMENT OF CORRECTIONS**
**MENTAL HEALTH EMERGENCY NURSING ASSESSMENT**

**SUBJECTIVE**

Date/Time: 2-16-09  8/2    Reported Problem: _I feel_ _____

Current Medications: _No_    Allergies: _____ _OK ?_

History of Self-Injury: ☐ No  ☐ Yes  Describe: _____  When? _____

**OBJECTIVE**

Vital Signs: T _98.5_  P _78_  R _16_    B/P _153/92_    Weight _211 lbs_

Appearance
Current Behavior (all that apply):
☐ Well groomed  ☐ Somewhat disheveled  ☐ Comment:
☐ Calm  ☐ Assaultive  ☐ Agitated
☐ Cooing  ☐ Threatening  ☐ Anxious
☐ Self-injurious  ☐ Pacing
☐ Homicidal (threatening to kill someone)  ☐ Withdrawn
☐ Other _____

Orientation to (all that apply):
☑ Person  ☐ Pain
☑ Situation  ☐ Time  If so, indicate response:

Memory:
Recent: What is your housing location? _D-Dorm_
Remote: What was your previous institution? _____

Mood as rendered (all that apply):
☐ Cheerful  ☐ Hopeless  ☐ Fearful
☐ Depressed  ☐ Anxious  ☐ Tense
☑ Angry  ☐ Other

Affect as observed (all that apply):
☐ Normal  ☐ Cheerful  ☐ Depressed
☐ Blunted  ☐ Labile (changing)  ☐ Sullen
☐ Hostile  ☐ Flat  ☐ Tense
☐ Tearful  ☐ Anxious  ☐ Angry
☐ Other

Thought Process (all that apply):
☑ Well organized  ☐ Coherent
☐ Poor concentration  ☐ Accelerated speech w/abrupt changes from topic to topic
☐ Additional information, if necessary:

Perception:
Inmate claims to hear voices or sounds, which others cannot hear?  ☐ Yes  ☑ No
If yes, describe:
Inmate claims to see visions of things that others cannot see?  ☐ Yes  ☑ No
If yes, describe:

Thought Content:
Is inmate experiencing delusions (reflects false personal beliefs)?  ☐ Yes  ☑ No
If yes, describe:

Self-Injury:
Ideas?  ☑ No  ☐ Yes (describe):
Threats?  ☐ No  ☑ Yes (describe): _____
Plan?  ☑ No  ☐ Yes (describe): _____

Vegetative Function:
Appetite (recent change):  ☑ No  ☐ Yes  ☐ Increase  ☐ Decrease
Difficulty sleeping?  ☑ No  ☐ Yes  Hours of sleep at night _____
Place additional information and comments on back.

**ASSESSMENT**

☐ Assessment has determined that there are no risk of injury to self or others
☑ Other _Behavioral proper_

**PLAN**

☐ Inmate to be placed in Infirmary Isolation management room or Infirmary to prevent self-injury and to provide protection and observation. Dr. _____
☐ Inmate released immediately until placement by RMP or QC.  Connected at _____ (time) for orders.
☑ Other _____  will _ordered by berkley in tol._

EVALUATED BY: _Dr. (85) Kevin_
DC#: _____
DATE OF BIRTH: _3-25-1972_
INSTITUTION: _____

_____ CMT

40

This form is not to be amended, revised, or altered without approval of the Deputy Director of Health Services Administration.

---

Apr 24 13 07:33:56

The day I I was placed in a

The day I bit my ~~varies~~ out of my

wrist in a PRISON CSV

put in

11

**EXHIBIT NO. B20E**
**PAGE: 29 OF 41**

DEPARTMENT OF CORRECTIONS
OFFICE OF HEALTH SERVICES
ABRASION/LACERATION ASSESSMENT

**SUBJECTIVE**
Date/Time: _____ 12:70
Date of occurrence: _____ Age 3 9    Allergies ___NKD___
Occured as a result of: _____
_____
Medications (list): _____

**OBJECTIVE**
B/P ___/___    Temp 97.9    Pulse 76    Resp 14    Weight _____
Location of injury: (1) arm
Approximate size and depth: Length _____ Width _____ Depth 0
Evidence of infection (Check all that apply—place additional comments on back):
☐ Redness in surrounding tissue    ☐ Swelling of extremity/surrounding area    ☐ Odor
☐ Drainage (describe): _____
☐ Embedded foreign material (describe): _____
Last tetanus toxoid: _____

**ASSESSMENT**
☐ Altered skin integrity R/T _____
☐ Abrasion/superficial laceration    ☐ No evidence of infection
☐ Moderate/severe laceration    ☐ S/S of infection
**PLAN**
☑ Area cleaned with: _____
☑ Dressing applied Band aid    ☐ F/U in: _____
☐ Clinician referral    ☐ OTC/Rx given (name): _____

**EDUCATION**
☑ Instructed on wound care, s/s of infection, medication compliance, F/U.
☐ Other _____

Place additional comments on back.

INMATE NAME: _____    Signature/Stamp
DC# _____
DATE OF BIRTH _____    RACE/SEX W/M
INSTITUTION _____

DC4-683V (1/02) Page 1 of 2    41

Bit veins out ___ in a prison CSU
△
of wrist while

12

How can a mentally ill child be tried and prosecuted as an adult without all exonerating evidence against me?

And

How am I not a juvenile adult disabled person since 2002 because

In 2001 I cut my wrist

In 2006 I cut my wrist or had thoughts

In 2009 I bit my veins out of my wrist while in a FDOC Crisis stabilization unit

From 2012-2015  I was baker acted for cutting my self over 20 times.

In 2015 I was turned away from a mental hospital and ended up going to Walmart and cutting my wrist.

??????????????????????????????????

How can the state deny my name change due to a falsified criminal history in 2001 and 2024 record?

13



Under what constitutional amendment gives Florida the right to block access to the court from a juvenile adult defendant

1. who simply asked how was the ordinal burglary investigation report that said under penalty of perjury BURNS did not commit any crimes the night he was baker acted and robbed by police who SEIZED property to the same crime I was imprisoned for, but was not entered into court records as evidence or returned. And the burglary report was CRIMINALLY replace with the same officers duly sworn witness statement who now said he seen me do it but not that he collected evidence that he stole?

2. And how can BURNS be transferred directly from a mental health hospital to the juvenile detention center as was documented by the also removed department of juvenile justice mental health evaluation that found BURNS incompetent to stand trial. but NO COMPETENCY HEARING was ever held?

3. That now I ask this federal court this same very question of public concern because history shows us that once police start robbing and false imprisoning the weak it is just a matter of time till it's the whole unarmed public.

A supreme court question regarding BURNS Vs. SSA 2022 that I ask to this federal court to establish my question is addressed due to 11ᵗʰ circuit appointed counsel did everything in his powers to keep my question out of the record of appeal.

Under what constitutional amendment gives the federal government the right in 2015 to say my schizo affected disorder started the day my above false imprisonment sentence that ssa hid the removed court evidence in my ssa case file. was set to end on 2-28-2013 because the record showed the Florida department of correction released me a year early on 4-1-2012 after they file for my disability benefits for me three days before my release providing the states finding and treatment of schizo affected disorder starting on        2007. And also ask how can ssa employees provide false statement to ssa and the court by saying there was no records to review while being in possess of hundred's of documents that some are being provided for proof of crime. from my treatment of psychotic disorder for the whole year of 2006. One year before being in caged. Plus the 2001 double billing scam between pasco and the federal government who paid two different mental health hospitals and the arresting detective for the mental health treatment and involuntary examination of one baker acted child. That where all evidence in my ss case file. But Not My Criminal Case

That I am calling the mentally ill child from hospital to prison for not committing any crimes by republican state attorneys. judges and police officers because I was the child of a elderly democratic ex-preacher who the state involuntarily committed ~~of his own~~ less than two years after my conviction. till he was starved to dead. IN 2004

Under what constitutional amendment give the Florida appeals court the right to dismiss my appeal for failing to serve. Because the office of the court refused to sign for his SECOND notice of appeal. In a case that while the officer of the court was in possession of my rent check that over paid my rent by six months and was not given to a process server for return till days after filing a fraudulent complaint

| Date/Time Reported | Date/Time Found | Dat... d | Officer |
|---|---|---|---|
| 09/12/2015 13:06 | 09/12/2015 13:00 | 09/12/2015 13:06 | (10000166) SMITH, JOHN, II |
| Incident Location | | | |
| 4480 51st St W. Bradenton. FL 34210 | | | |

## Notes/Narrative

On 9-12-15 I responded to Suncoast Behavioral Center in reference to Kevin Burns. Upon my arrival Kevin was out front of the center and was denied access from the staff (Brandy Hamilton)(Employee). Kevin stated that he was upset about the car dealer ship taking his 7500.00 but he was not suicidal. Kevin stated that he didnt want to hurt himself or anyone else and denied that he had ever made threats to shoot the staff at Suncoast. Brandy called Cynthia Harden (Director) and advised her of the situation and Cynthia stated that they were not going to accept Kevin into the facility due to his threats to shoot the staff from earlier this week. Sgt Mcclain and Sgt. Franczyk was advised of the situation. Kevin was given back his pocket knife and was given a case number and cleared the scene on foot. Kevin did not meet BA 52 Criteria and stated that he did not want to go to Manatee Glens because his insurance was not taken there.

*59 MIN's LATER*

## REPORTING OFFICER NARRATIVE

*Bradenton Police Department*

| | | OCA |
|---|---|---|
| | | *2015-007536* |
| Victim | Offense | Date · Time Reported |
| | *BAKER ACT* | *Sat 09/12/2015 14:05* |

On 09/12/2015 I was dispatched to 5315 Cortez Road West in reference to a possible suicide. Upon my arrival on scene EMS and other BPD units were already on scene. EMS was providing care to Kevin Burns (Baker Act). I then made contact with Mr. Burns and observed several lacerations on both of his arms.

Mr. Burns stated that he went to Suncoast Behavioral Health Center seeking treatment since he felt as though he was going to harm himself. Mr. Burns advised he was then denied treatment. Mr. Burns then stated he traveled to the Walmart and purchased razor blades and then proceeded to inflict harm to his person with the razor blades. Mr. Burns did state he no longer wanted to live during this time. Mr. Burns was then transported to Blake by EMS. At this time Mr. Burns was Baker Acted and treated at Blake for his injuries. I then completed this report and took no other action in this case.

## Transportation to Receiving Facility

### Part I: General Information

The circumstances, under which (Name of Person) _____ BURNS, KEVIN LEE _____ was taken into custody as follows:
Subject traveled to Suncoast in order to seek treatment and was denied entry. Subject then traveled to Wal-Mart and purchased razor blades. Subject proceeded to then use these razor blades and inflict deep lacerations to his wrist.

*15*

Time: 02:05 PM                Date: 09/12/2015

Place or Facility Name:                                ...ntion Center
                                                        ...al Boulevard



## CHRIS NOCCO, SHERIFF
# PASCO SHERIFF'S OFFICE

### TEAMWORK ✦ PROFESSIONALISM ✦ SERVICE

February 3, 2020

Mr. Kevin Burns                    P O Box 555          PO box 2101
~~[redacted]~~                     OLD TOWN, FL 32680   St. LEO, FL 33574

Dear Mr. Burns:

This letter is in response to your letter of complaint received by the Professional Standards Unit of the Pasco Sheriff's Office on December 26, 2019.

A review of your complaint by Pasco Sheriff's Office Professional Standards Unit Inspector J. Christensen was completed and found there were no Pasco Sheriff's Office General Orders or Policy Violations. There will be no further action taken on this matter and your complaint is considered closed.

Thank you for bringing this to the attention of the Pasco Sheriff's Office and allowing us the opportunity to thoroughly investigate your complaint.

Sincerely,

Inspector J. Christensen
Professional Standards Unit

16

**Sheriff's Administration**
8700 Citizens Drive

**District I**
7432 Little Road

**District II**
36409 State Road 52

**District III**
11530 Trinity Boulevard

**Pasco Detention Center**
20101 Central Boulevard

From **attorney.general@myfloridalegal.com**

To **WRONGFULLYCONVICTEDKEVIN@gmail.com**

Date **Jul 29, 2020, 4:05 PM**

🔒 **Standard encryption (TLS). View security details**

Florida Attorney General Ashley Moody recently received your email regarding your safety concerns and multiple allegations. Attorney General Moody asked that I respond.

I am sorry for your difficulties.  In regard to criminal allegations, investigation and prosecution of potential violations of criminal law such as those you have alleged in your complaint are under the jurisdiction of either your  local police or sheriff's department and elected state attorney. Those agencies, therefore, are the authorities to which you should direct your complaint.

Pasco County Sheriff's Office
Phone: (727) 847-8102
Website: https://pascosheriff.com/

State Attorney's Office
Sixth Judicial Circuit
Phone: (727) 464-6221
Website: www.statty.co.pinellas.fl.us

The Republican State attorney told me to   17
file a complaint with the victimizer/
CRIMINAL



STATE OF FLORIDA

# Office of the Governor

THE CAPITOL
TALLAHASSEE, FLORIDA 32399-0001

www.flgov.com
850-717-9418

**RON DeSANTIS**
GOVERNOR

September 11, 2020

*Don't vote for people who protect criminals*

Mr. Kevin Lee Burns
~~Post Office Box 217~~  *Po box 2101, St LEO, FLA 33574*
Old Town, Florida 32680

Dear Mr. Burns:

Thank you for contacting Governor Ron DeSantis.

The Florida Constitution limits the Governor's intervention in matters that should be resolved through the court system. The person who can best assist you with your legal concerns is an attorney. The Florida Bar offers a Lawyer Referral Service which you may contact by calling toll-free (800) 342-8011, or by writing to 651 East Jefferson Street, Tallahassee, Florida, 32399-2300. You may also visit the Florida Bar's website at www.floridabar.org.

If you cannot afford an attorney, you may be eligible for low cost or pro bono assistance through a local legal aid office. Information can be obtained by calling the Florida Bar or visiting the Florida Bar's website at www.floridabar.org.

Thank you again for contacting Governor DeSantis.

Sincerely,

*Tyler Andrew*

Tyler Andrew
Office of Citizen Services
Executive Office of the Governor

TA/cas

*This governor can attack George Soros back
state Prosecutor's, but not the Republican state
prosecutor and sheriff, who put a documented
INNOCENT MENTALLY ill child in prison.*

(18)

State v. Burns, 01-2628CFAES                                          P-4

Court in connection with the above styled cases. After filing two recent motions, Defendant was provided with notice that the Court would impose sanctions, including barring him from future non-meritorious filings. *See Orders.* Therefore, the Defendant's motions are dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Defendant's "Motion to Reopen the Above Listed Cases," and "Writ of Freestanding Actual Innocents Petition," are hereby **DISMISSED.** It is further,

**ORDERED AND ADJUDGED** that the Defendant is hereby **BARRED** from filing *pro se* motions in connection with the above-captioned case numbers. Any further *pro se* filings by the Defendant in the instant case shall be placed by the Clerk of the Circuit Court in an inactive file, and the Court will not respond or take action on them.

**DONE AND ORDERED** in Chambers at Dade City, Pasco County, Florida, this _24_ day of _October_ , 2022. A true and correct copy of the foregoing has been provided to the parties listed below.

TRUE COPY
Original Signed

OCT 24 2022

Gregory Groger CIRCUIT JUDGE

Copies to:

State Attorney's Office

Kevin Lee Burns
P.O. Box 555
Old Town, Florida 32680

*Attachments:*
*December 15, 2021 Order*
*April 18, 2022 Order*

19

p-5

and counsel.  Mr. Burns claims that the trial court should have held a hearing to explore

the nature and extent of the alleged conflict.  We agree and reverse.

### FACTS

The State charged Mr. Burns with multiple counts of burglary.  Upon

advice of counsel from the Public Defender's Office, Mr. Burns pleaded no contest.  The

trial court withheld adjudication, sentenced Mr. Burns to a suspended term of six years'

imprisonment, and placed him on probation for six years.

Mr. Burns twice violated his probation.  Each time, the court reinstated

probation.  Upon a third violation, the trial court scheduled a revocation hearing.

Another lawyer from the same Public Defender's Office represented Mr.

Burns in the revocation proceedings.  Prior to the hearing, however, Mr. Burns filed a

pro se motion to correct illegal sentence.  He alleged that his original counsel provided

incorrect information when advising him to enter a plea; thus, the plea was neither

knowing nor voluntary.

At the revocation hearing, Mr. Burns' new counsel advised the trial court of

the potential conflict of interest and asked to withdraw.  The trial court took a short

recess so counsel could speak with her supervisor.  After the recess, counsel's

supervisor appeared at the hearing.  He told the trial judge that there was no motion to

withdraw because private counsel (who did not appear for Mr. Burns) told him that Mr.

Burns was going to withdraw his pro se motion.  The supervisor then said, "[I]f [Mr.

Burns] would like to waive the conflict . . . we're happy to go forward . . . ."  Mr. Burns

never waived the conflict, and he never withdrew his pro se motion.  The trial court

ordered counsel to continue representing Mr. Burns.  Ultimately, the trial court found

that Mr. Burns had violated his probation and sentenced him to six years in prison.

- 2 -

APART OF THE APPEAL RECORD

20



My name is Kevin Lee Burn. I am the subject of A CAD CALL Information Call number 011390700 Call type Suicide, That's that took place on 5/19/01 17:21:56 at 7420 Orchard drive Wesley Chple

This is a request for a complete copy of the 3 page CAD CALL Information report.

My address is PO BOX 555
Old Town, FL 32680

I have filed this records request with As a Notorized Records request due to the fact I was a juvenile at time of impeachd

(21)

Thank you

Pasco Sheriff's Office
Records Section
**No Record Found**
We would be happy to recheck this for you,
if you have any additional information
Clerk _____
Date _____

# NOTARIZED SWORN OATH

Under penalty of perjury I Mr. Burns declare that I have read while I wrote the foregoing and that the facts provided here in are true and correct to the best of my knowing-ledge.

2/22/22

Date

KEVIN BURNS

oath or affirmation:

pursuant to section 117.05 (13)(a),florida statutes, following notarial certificate is sufficient for an oath or affirmation:

state of florida

county of ___levy___

sworn to (or affirmed) and subscribed before me by means of

(N) physical presence.

KIRSTIE GALPIN
Commission # GG 355265
Expires July 15, 2023
Bonded Thru Budget Notary Services

NOTARY SEAL )  (SIGNATURE OF NOTARY PUBLIC- STATE OF FLORIDA)

Kirstie Galpin (NAME OF NORTARY TYPED,PRINTED, OR STAMPED)

PERSONALLY KNOWN _____ OR PRODUCED IDENTIFICATION FDL

TYPE OF IDNTIFICATION PROUCED FDL b60525 1284 1060

Pasco Sheriff's Office
Records Section
No Record Found
We would be happy to recheck this for you,
if you have any additional information
Clerk: J. Jeynu ___
Date: 3/16/22

2/22/22

KEVIN LEE BURNS                DATED.                    22

20.

68554
5-19-01 ER



**Hersch & Kelly, P.A.**
ATTORNEYS AT LAW

LARRY S. HERSCH
JAMES E. KELLY

RECEIVED
OCT 0 8 2001

LOCATION:
12248 U.S. HIGHWAY 301
DADE CITY, FLORIDA 33525
MAILING ADDRESS:
POST OFFICE BOX 1046
DADE CITY, FLORIDA 33526
PHONE: (352) 567-2442
FAX: (352) 567-2475

D-14

October 3, 2001

East Pasco Medical Center
7050 Gall Boulevard
Zephyrhills, Florida 33541

Attention: Medical Records

Re:    My Client/Your Patient - Kevin L. Burns
       Date of Birth - 3-26-84

Dear Sir or Madame:

Please be advised my firm represents Kevin Lee Burns. I am enclosing herewith a Medical Authorization Release, which has been signed by Davy Burns, the Father and Natural Guardian of Kevin Burns. I am interested in obtaining any and all records pertaining to my client's admission at your facility on May 19, 2001, or May 20, 2001.

Thank you for your assistance regarding this matter.

Very truly yours,

HERSCH & KELLY, P.A.

By: _James E. Kelly_
    James E. Kelly

JEK/sss
Enclosure

Counsel New about the baker act, COPIED

OCT 2 2 2001

23

D-13

```
9/04/09
15:38:42                          HTE    CAD
                          CAD CALL INFORMATION                PAGE : 1
                                                             011390700
Call Number: 011390700      Call Type.: 290 Suicide, Threats
Entry Day/Tm.: 5/19/01 17:21:56      290 Suicide, Threats      Police
                                                                Police
CmnN:
Call Taker.:        1218 BLACK      Agency......: 001 PASCO COUNTY SHER
Dispatcher.:        1524 GOTTSMAN    DELILAH          SOCTKR07S1
                                     HARLEY           SODISP03S2
```

## N A R R A T I V E

```
FR ADVISED RECEIVED CALL FROM 17 YAO
ADVISED IT'S OKAY AND HUNG UP                          17:23:00
FR ADVISING THAT SUBJ DID CUT HIS WRIST               17:23:00
OPR 3                                                  17:23:00
ATTEMPTING TO GET LAND LINE                            17:23:00
OPR 3                                                  17:23:24
                                                       17:23:24
F/R INDICATED THEY ARE STAGING, OPR12----82

SPEAKING TO A MALW SUBJ ADIVSING THAT HE CUT HIS ARM  17:23:51
BUT NOT BLEEDING  HUNG UP ON ME                        17:25:00
KEVIN BURNS NOW ADVISING THAT HE IS BLEEDING          17:25:00
FR 1051                                                17:26:14
SUBJ ADVISING BEEN DOING ACID                          17:26:14
USED 1 HIT                                             17:27:18
KEVIN PUT THE PHONE DOWN NOY ANSWERING OPR            17:27:18
                                                       17:39:14
```

JUVENILE

| Pasco Sheriff's Office | Offense Incident Report | Report #: 01-023094-01 |
| --- | --- | --- |
| Case Reference: BAKER ACT | | Date: 10/21/09 |

| Name: KEVIN LEE BURNS | Reporting Person | Seq #: 001 |
| --- | --- | --- |
| Race: WHITE          Sex: MALE | | |
| Address: 7420 ORCHARD DR , ZHL , FL 33544 | DOB: 3/26/84 | Age: 017 |
| Residence Phone: (                ) | | |
| Employer Name: | Business Phone: Occupation: UNEMPLOYED | ← SO CAN'T OWN A BRAND NEW CAR |

| Pasco Sheriff's Office | Continuation Sheet (1) | Report #: 01-023084-0001 |
| --- | --- | --- |
| Case Reference: BAKER ACT | | Date: 05/20/01 |

On 05/19/01 at approximately 1730 hours, I was dispatched to 7420 Orchard Drive, Wesley Chapel, 33544, reference a seventeen year old juvenile who had cut his wrist. Upon my arrival, I met with Kevin Burns, who was being treated by paramedics from Pasco Fire Rescue Station #13. The paramedics informed me Kevin would need stitches on his left wrist.

24

D-15

Upon speaking with Kevin, he was unable to give me a clear reason why he cut his wrist. Kevin told me that he had cut himself with a steak knife. Kevin also said he did not mean to cut his wrist, however, he also stated he had intentionally cut himself. Kevin told me his brother, Glen, was at the house in his bedroom.

← GAVE CONSEN FOR INTERVIEW LATER

Upon speaking with Glen, he told me Kevin had never tried to hurt himself before. Glen also told me he did not know why Kevin had cut his wrist.

While interviewing Kevin, I noticed several piles of construction material and when questioned, Kevin admitted to stealing the materials from numerous construction sites.

Sergeant Rowan was at the scene and upon discovery of the construction material, contacted Detective Greiner.

| Pasco Sheriff's Office | Continuation Sheet (1) | Report #: 01-022093-0001 |
|---|---|---|
| Case Reference: NARCOTICS VIOLATION | | Date: 05/20/01 |

On 05/19/01, I was dispatched to 7420 Orchard Drive, Wesley Chapel, 33544, in reference to a juvenile having injured himself. Upon my arrival, I met with Kevin Burns. While interviewing Kevin, I noticed the headlights of his vehicle had been left on and I asked permission from Kevin to search his vehicle, for which he gave consent. During the search of the vehicle, the above listed items had been found along with some marijuana. A presumptive test had been done on the marijuana and the results were positive.

I took Kevin to the East Pasco Medical Center where he was treated by Doctor Hunter for a laceration to his wrist. Doctor Hunter advised Kevin Burns received three staples to his left wrist and released him to my custody, medical record #3854.

I then transported Kevin Burns to District II Patrol where we were met by Detective Greiner. Kevin Burns was read Miranda and agreed to speak with myself and Detective Greiner about some stolen property which was located at his residence and he admitted to stealing. Detective Greiner temporarily took custody so Kevin Burns could show him the locations the items had been stolen from (see Detective Greiner's supplement report).

Detective Greiner, after his interview, transported Kevin Burns to the Land 'O' Lakes Detention Center, where he was booked for misdemeanor possession of marijuana. I then recontacted Detective Greiner and Kevin Burns, transporting him to the Harbors for the Baker Act due to him cutting his wrist (see case #01-23094). I placed the evidence into the Dade City evidence chute. No further action taken by this writer.

Narrative read back to 2054 by 2110 at Station 1

25

D-16

| Reporting Member - ERIC BROWN | Administrative | |
|---|---|---|
| Supervisor: THOMAS ROWAND | CJIS#: 2054 | Reporting Date: 05/20/01 |
| Status: CLEARED BY ARREST | CJIS#: 367 | Date approved: 05/20/01 |
| Referred to: S.A.O. EAST | | |

| Pasco Sheriff's Office | Continuation Sheet (2) | Report #: 01-022093-0002 |
|---|---|---|
| Case Reference: NARCOTICS VIOLATION | | Date: 05/20/01 |

**Narrative**

On the above listed date and time, I arrived at the above

--location to assist Deputy Hink. I photographed the suspect's vehicle, stolen property, and the outside of his residence.

I made contact with possible victim/██████████ via telephone. He was not able to identify the property allegedly stolen from his shed. ████████ did not file a report at the time of the theft. ████████ advised he will contact with Pasco County Sheriff's Office at a later date with the complete list of missing property.

I also assisted Detective Greiner with the recovery of the stolen property. Case referred to the Property Crimes Unit. No further action.

Narrative read back to 2019 by 1674 at Station 9

| Reporting Member - VERLE JOHNSON | Administrative | |
|---|---|---|
| Supervisor: THOMAS ROWAND | CJIS#: 2019 | Reporting Date: 05/20/01 |
| Status: CLEARED BY ARREST | CJIS#: 367 | Date approved: 05/20/01 |
| Referred to: S.A.O. EAST | | |

Add ten seized items. Case was previously cleared with arrest.

Original document of record is on file in the Records Unit.

| Reporting Member - STEVEN GREINER | Administrative | |
|---|---|---|
| Supervisor: ORIGINAL ON FILE | CJIS#: 645 | Reporting Date: 05/24/01 |
| Status: CLEARED BY ARREST | CJIS#: 9997 | Date approved: 00/00/00 |
| Referred to: S.A.O. EAST | | |

26

Employer Name: PGSO

D-20

| Vehicle | | Seq #: 001 |
|---|---|---|

Status: No Desc
Make: PONTIAC
Color Top: BLUE
Features: No Desc
Value: $.00
VIN #: 1G2NE52E4XM836334
Recovery Information
Recovered by:

Vehicle/Vessel Type: AUTO
Model: GRAND AM
Color Bottom: BLUE
Description:
Tag #: D12UDH

Year: 1999
Style: 4 DR

Tag State: FL          Decal #: 14059776

← Brand NEW C
NOT OWNED BY A
UnEmPLOYED 17 Yo

Recovery Date: 00/00/00    Recovery Value: $.00

| Property | | Seq #: 001 |
|---|---|---|

Status: ** E V I D E N C E / S E I Z E D **
Make:                    Model:
Quantity/Weight: 1.3 GRAMS
Condition:              Value: $.00
Recovery Information
Recovered By: 2054

Property Type: DRUG
Color: No Desc          Year: 0000
Description: MARIJUANA
Serial #:               Misc #:

Date: 05/19/01          Value: $5.00

| Property | | Seq #: 002 |
|---|---|---|

Status: ** E V I D E N C E / S E I Z E D **
Make:                    Model:
Quantity/Weight: 1
Condition:              Value: $.00
Recovery Information
Recovered By: 2054

Property Type: SPORTS EQUIPMENT
Color: BLACK            Year: 0000
Description: SUNGLASSES CASE
Serial #:               Misc #:

Date: 05/19/01          Value: $1.00

| Property | | Seq #: 003 |
|---|---|---|

Status: ** E V I D E N C E / S E I Z E D **
Make: EAGLE EYE          Model:
Quantity/Weight:
Condition:              Value: $.00
Recovery Information
Recovered By: 2054

Property Type: SPORTS EQUIPMENT
Color: SILVER           Year: 0000
Description: KNIFE/THROWING
Serial #:               Misc #:

Date: 05/19/01          Value: $20.00

| Property | | Seq #: 004 |
|---|---|---|

Status: ** E V I D E N C E / S E I Z E D **
Make: MASPER            Model:
Quantity/Weight: 1
Condition:              Value: $.00
Recovery Information
Recovered By: 2054

Property Type: SPORTS EQUIPMENT
Color: BLACK            Year: 0000
Description: KNIFE/LOCK BLADE
Serial #:               Misc #:

Date: 05/19/01          Value: $50.00

| Property | | Seq #: 005 |
|---|---|---|

Status: ** E V I D E N C E / S E I Z E D **
Make:                    Model:
Quantity/Weight: 1
Condition:              Value: $.00
Recovery Information
Recovered By: 2054

Property Type: DRUG
Color: No Desc          Year: 0000
Description: ROLLING PAPERS/PACKAGE
Serial #:               Misc #:

Date: 05/19/01          Value: $1.00

| Property | | Seq #: 00 |
|---|---|---|

27

D-19

| Status: ** E V I D E N C E / S E I Z E D ** | | Property Type: CLOTHING/FUR | |
| Make: | Model: | Color: BLACK | Year: 0000 |
| Quantity/Weight: 1 | | Description: SKI MASK | |
| Condition: | Value: $.00 | Serial #: | Misc #: |
| *Recovery Information* | | | |
| Recovered By: 2054 | | Date: 05/19/01 | Value: $1.00 |

| Property | | | Seq #: 007 |
|---|---|---|---|
| Status: ** E V I D E N C E / S E I Z E D ** | | Property Type: RADIO/STEREO | |
| Make: POWER LOGIC | Model: | Color: GRAY | Year: 0000 |
| Quantity/Weight: 1 | | Description: 25 WATT/CHANNEL AMP | |
| Condition: | Value: $.00 | Serial #: | Misc #: |
| *Recovery Information* | | | |
| Recovered By: 0645 | | Date: 05/19/01 | Value: $50.00 |

| Property | | | Seq #: 008 |
|---|---|---|---|
| Status: ** E V I D E N C E / S E I Z E D ** | | Property Type: STRUCTURE | |
| Make: | Model: | Color: No Desc | Year: 0000 |
| Quantity/Weight: 9 | | Description: 2" X 4" X 8' LUMBER | |
| Condition: | Value: $.00 | Serial #: | Misc #: |
| *Recovery Information* | | | |
| Recovered By: 0645 | | Date: 05/19/01 | Value: $80.00 |

| Property | | | Seq #: 009 |
|---|---|---|---|
| Status: ** E V I D E N C E / S E I Z E D ** | | Property Type: STRUCTURE | |
| Make: | Model: | Color: No Desc | Year: 0000 |
| Quantity/Weight: 11 | | Description: 2" X 6" X 14' LUMBER | |
| Condition: | Value: $.00 | Serial #: | Misc #: |
| *Recovery Information* | | | |
| Recovered By: 0645 | | Date: 05/19/01 | Value: $100.00 |

| Property | | | Seq #: 010 |
|---|---|---|---|
| Status: ** E V I D E N C E / S E I Z E D ** | | Property Type: STRUCTURE | |
| Make: | Model: | Color: No Desc | Year: 0000 |
| Quantity/Weight: 2 | | Description: 2" X 4" X 10' LUMBER | |
| Condition: | Value: $.00 | Serial #: | Misc #: |
| *Recovery Information* | | | |
| Recovered By: 0645 | | Date: 05/19/01 | Value: $20.00 |

| Property | | | Seq #: 011 |
|---|---|---|---|
| Status: ** E V I D E N C E / S E I Z E D ** | | Property Type: STRUCTURE | |
| Make: | Model: | Color: No Desc | Year: 0000 |
| Quantity/Weight: 1 | | Description: ROLL CONCRETE WIRE | |
| Condition: | Value: $.00 | Serial #: | Misc #: |
| *Recovery Information* | | | |
| Recovered By: 0645 | | Date: 05/19/01 | Value: $80.00 |

| Property | | | Seq #: 012 |
|---|---|---|---|
| Status: ** E V I D E N C E / S E I Z E D ** | | Property Type: STRUCTURE | |
| Make: | Model: | Color: No Desc | Year: 0000 |
| Quantity/Weight: 1 | | Description: 4' X 8' X 3/4" PLYWOOD | |
| Condition: | Value: $.00 | Serial #: | Misc #: |
| *Recovery Information* | | | |
| Recovered By: 0645 | | Date: 05/19/01 | Value: $20.00 |

28

```
                    - CASE DOCKET                    PG    1
ID: CJC CASE: 0101238DIAES FILED: 051901 DIV: 05 ENT: INTRS OF BURNS EV
TYPE:          NXT APR: 092601 CAL: ADJ COMP:         DIS:        ESI:
                                                DIS:        ESI:

CDATE   DDATE    DOCKET ENTRY
061605  061605   FILE VERIFIED TO THIS POINT AJ                      D  V
010702  010702   CORRESPONDENCE TO JUDGE TEPPER FROM DJJ             A  N
010702  010702   ORDER TERMINATING SUPERVISION                      A  N
010702  010702   PROGRESS REPORT FORM                               A  N
100201  100201   RECEIPT 0003.00 #2848100 TEEN COURT                A  N
100201  100201   RECEIPT 0003.00 #2848100 JUV ASMT CENTER FEE       A  N
100201  100201   RECEIPT 0100.00 #2848100 FDLE FEE                  A  N
100201  100201   RECEIPT 0050.00 #2848100 COURT COSTS               A  N
092701  092801   CORRESPONDENCE                                     A  N
092701  092801   ORDER OF ADJ. AND PROBATION                        A  N
092601  092701   COSTS W/IN 20 DAYS                                 A  N
092601  092701   DRUG ASSESSMENT 000100                             A  N
092601  092701   TEEN COURT 000003                                 A  N
092601  092701   JUVENILE ASSESSMENT TRUST FUND 0Q0003              A  N
092601  092701   COURT COSTS 000050                                 A  N
092601  092701   PROBATION ORDERED 6M W/CONDS IN ORDER              A  N
092601  092701   ADJUDICATED DELINQUENT                             A  N
092601  092701   CHANGED PLEA TO NOLO CONTENDERE                    A  N
083001  090401   SUMMONS RETURNED SERVED DAVID BURNS 082901         A  N
082401            SUBPOENA TO SHERIFF (007) STATE                   A  F
082401            SUMMONS TO FHR : ADJ 092601  01:30 P.M.           A  F
082401            NOTICE OF ADJUDICATORY HEARING   - 092601  01:30 P.M. A  F
082201  082301   ADJUDICTORY HEARING SET 092601 @ 1:30 PM           A  F
082201  082301   MOTION GRANTED TO CONTINUE                         A  N
082101  082201   SUMMONS RETURNED UNSRVD DAVID BURNSON              A  N
072601  073001   WAIVER OF SPEEDY TRIAL                             A  N
072701            SUMMONS TO FHR : PTC 082201  10:00 A.M.           A  F
072701            NOTICE OF PRETRIAL CONFERENCE   - 082201  10:00 A.M. A  F
072501  072601   PRE-TRIAL CONFERENCE SET: 082201 @ 10:00 AM        A  F
072501  072601   WAIVED RIGHT TO SPEEDY TRIAL                       A  N
062601  062701   SUMMONS RETURNED SERVED DAVID BURNS 062501         A  N
062001            SUMMONS TO FHR : ARN 072501  02:30 P.M.           A  F
062001            NOTICE OF ARRAIGNMENT           - 072501  02:30 P.M. A  F
061901  061901   DELIN MISP PETITION POSS MARIJUANA 1M              A  N
052001  052501   JUVENILE COMPLAINT REPORT MISD. POSS MARIJUANA   SJ  A  Y
```

```
EID/DL NUMBER  B652512841060   >>   INDIVIDUAL            202247415

OMPANY NAME
LR                                SALES TAX REG NUM
YPE/NUM/SFX
LT STATUS                         FEID SUFFIX
LT VENDOR

IRST NAME     KEVIN              MIDDLE NAME     LEE
ASL NAME      BURNS              SUFFIX          None
.O.B          03/26/1984         SEX             Male
ECEASED DATE

OUNTY    54   DIXIE              RESIDENCY STATUS  FL RESIDENT

EH ID NUMBER       YEAR  MAKE   COLOR  TITLE NUM   PLATE#/FL#/TOP#
                                              ... HWHR19        ...
AS87H1BL138035     1981  CHEV   RED    19536648    ...          ...
FTHF25L3HPA56274   1987  FORD   BRO    68986405    ...          ...
N6SD11S1MC427787   1991  NISS   RED    62281114    ...          ...
YVGD31B7L5273068   1990  MAZD   WHI    49762385    ...          ...
B6HB21Y4LK752482   1990  DODG   BLU    64782373    ...          ...
F2YZ94143KM45267   2003  MAZD   RED    126235948   ... IX32RM   ...
FNRL18633B091185   2003  HOND   GRY    87944903    ...          ...
BAVB13596PT23425   2006  BMW    BLK               ... BMI6651   ...
ARKING PERMIT   2236859A   ...

LAST CHANGED BY        LAST CHANGED   29-MAR-2021      ADDRESS
                                      16:08:25
```

NO BRAND NE
1999 PONTIAC
GRAND AM
CARS LISTED
THAT CHILD
BURNS HAS
EVER OWNED
29

**ADMINISTRATIVE**

510035502 — X FELONY — MISD — CO ORD — CIV INF — SECTOR D-3 — ZPD FL0 510300 — FHP FL0 279000

ARREST — NOTICE TO APPEAR — X 3. MISD. — ADULT X JUVENILE

Agency Report Number: 01-23093 ~~23093~~

REVIEWED BY ASSISTANT STATE ATTORNEY: 01-2209

Location of Arrest: 7420 Orchard DR. wesley chpl 33543

JUVENILE (stamp)

Date of Arrest: 5/19/01 — Time of Arrest: 1830 — Booking Date: 051901 — Booking Time: 2330

Jail Number: JF01-0491 — SPN Number: 8025 7999

Weapon Seized: X Yes / X No

Domestic Related ☐ Y ☐ N — ☐ Juv. ☐ Elderly ☐ Handic

**DEFENDANT**

Name (Last, First, Middle): Burns, Kevin Lee

Race: W — Sex: M — Date of Birth: 3/26/84 — Age: 17 — Height: 6'3" — Weight: 187 — Eye Color: BRN — Hair Color: BRN — Complexion: med — Build: S/

Scars, Marks, Tattoos, Etc.: Lower Abdomen

Physical Address: 7420 Orchard Dr. wes.chpl. FL 33543 — Phone: 813, 973-3452

Mailing Address: 7420 orchard DR. wes.chpl. FL 33543

Business Address: N/A

Address Source: verbal — Occupation: None

Driver's License State / Number: UNK — SSN: [redacted]

Place of Birth: Dade City FL — Citizenship: U.S.

**CO-DEF**

Co-Defendant Name: N/A

**JUVENILE**

X Parent — Name of Parent or Custodian: Burns, David

Address: 7420 Orchard Dr. wesley chapel — Residential Phone: 813 973-3452

Notified (Name): Dep E. Brown — Date: 5/19/01 — Time: 1930 — Business Phone: N/A

**CHARGE**

Charge Description: Misdemeanor Possession Marijuana — Statute: 893.13 — Count: 1 — NCIC: 3562 — Court Case #: 010123BDLAES

Amount: Less than 20 grams

**PROBABLE CAUSE STATEMENT**

The undersigned certifies and swears that he/she has just and reasonable grounds to believe, and does believe that the above named defendant committed the following violation of law: On the 19 day of May, 2001 at 5:45 P.M.

I responded to 7420 Orchard DR. In refferance to a 17 y.o.a. Juvenile Attempted to cut his wrist. upon my arrival I met with the Juvenile, Kevin, who admitted to cutting his wrist. while talking to Kevin I noticed the headlights of his car were on and asked if he would consent to a search of the vehicle. with Kevin's permission I searched his car where I found less than 20 grams of marijuana. A presumptive test proved positive

I agree to appear at the time and place designated when I am notified to answer the offense charged or to pay the fine subscribed. I understand that should I willfully fail to appear before the court as required, once I am notified that I may be held in contempt of court and a warrant for my arrest shall be issued. If cited for a civil infraction I agree to appear before the county court or comply with the requirements for paying the fine and meeting any other specified conditions as indicated on the backside of this affidavit.

Signature of Defendant / Juvenile and Parent or Custodian — Judge's Signature — Date

Miranda Warning — Hold for other agency — Verified by

Adults only: ☐ Hold for first appearance ☐ Do not bond out – Reason:

Under penalties of perjury, I declare that I have read the foregoing (document) and that the facts stated in it are true to the best of my knowledge and belief.

x E. B[signature] — E. Brown 2054 — Name (Printed)

**BOND / COURT INFO**

Bond: $ 250 — Bond Charge: RKAS — Type: RKAS

Returnable Court Date: To Be Notified

Release Date: 05-19-01 — Release Time: 2355

Releasing Officer: [signature]

SO# 3-0172 (Rev. 6/99)

CLERK OF COURT

30

19.

03/15/2011    PASCO COUNTY CRIMINAL JUSTICE - CASE DOCKET          PG    1

CDI: CJC CASE: 0101238DLAES FILED: 051901 DIV: 05 ENT: INTRS OF BURNS.REV.
TYPE:         NXT APR: 092601 CAL: ADJ COMP:         DIS:        ESI:

| CDATE | DDATE | DOCKET ENTRY | D | V |
|-------|-------|--------------|---|---|
| 061605 | 061605 | FILE VERIFIED TO THIS POINT AJ | A | N |
| 010702 | 010702 | CORRESPONDENCE TO JUDGE TEPPER FROM DJJ | A | N |
| 010702 | 010702 | ORDER TERMINATING SUPERVISION | A | N |
| 010702 | 010702 | PROGRESS REPORT FORM | A | N |
| 100201 | 100201 | RECEIPT 0003.00 #2848100 TEEN COURT | A | N |
| 100201 | 100201 | RECEIPT 0003.00 #2848100 JUV ASMT CENTER FEE | A | N |
| 100201 | 100201 | RECEIPT 0100.00 #2848100 FDLE FEE | A | N |
| 100201 | 100201 | RECEIPT 0050.00 #2848100 COURT COSTS | A | N |
| 092801 | 092801 | CORRESPONDENCE | A | N |
| 092701 | 092801 | ORDER OF ADJ. AND PROBATION | A | N |
| 092601 | 092701 | COSTS W/IN 20 DAYS | A | N |
| 092601 | 092701 | DRUG ASSESSMENT 000100 | A | N |
| 092601 | 092701 | TEEN COURT 000003 | A | N |
| 092601 | 092701 | JUVENILE ASSESSMENT TRUST FUND 0Q0003 | A | N |
| 092601 | 092701 | COURT COSTS 000050 | A | N |
| 092601 | 092701 | PROBATION ORDERED 6M W/CONDS IN ORDER | A | N |
| 092601 | 092701 | ADJUDICATED DELINQUENT | A | N |
| 092601 | 092701 | CHANGED PLEA TO NOLO CONTENDERE | A | N |
| 083001 | 090401 | SUMMONS RETURNED SERVED DAVID BURNS 082901 | A | N |
| 082401 | | SUBPOENA TO SHERIFF (007) STATE | A | F |
| 082401 | | SUMMONS TO FHR : ADJ 092601 01:30 P.M. | A | F |
| 082401 | | NOTICE OF ADJUDICATORY HEARING - 092601 01:30 P.M. | A | F |
| 082201 | 082301 | ADJUDICTORY HEARING SET 092601 @ 1:30 PM | A | N |
| 082201 | 082301 | MOTION GRANTED TO CONTINUE | A | N |
| 082101 | 082201 | SUMMONS RETURNED UNSRVD DAVID BURNSON | A | N |
| 072601 | 073001 | WAIVER OF SPEEDY TRIAL | A | N |
| 072701 | | SUMMONS TO FHR : PTC 082201 10:00 A.M. | A | F |
| 072701 | | NOTICE OF PRETRIAL CONFERENCE - 082201 10:00 A.M. | A | F |
| 072501 | 072601 | PRE-TRIAL CONFERENCE SET: 082201 @ 10:00 AM | A | N |
| 072501 | 072601 | WAIVED RIGHT TO SPEEDY TRIAL | A | N |
| 062601 | 062701 | SUMMONS RETURNED SERVED DAVID BURNS 062501 | A | N |
| 062001 | | SUMMONS TO FHR : ARN 072501 02:30 P.M. | A | F |
| 062001 | | NOTICE OF ARRAIGMENT - 072501 02:30 P.M. | A | F |
| 061901 | 061901 | DELIN MISP PETITION POSS MARIJUANA 1M | A | N |
| 052001 | 052501 | JUVENILE COMPLAINT REPORT MISD. POSS MARIJUANA SJ | A | Y |

* * * END OF REPORT * * *

Arrested May 19, 2001

14                                                    3/

THE HARBOR
BEHAVIORAL HEALTH CARE INSTITUTE
PSYCHIATRIC EVALUATION
COMPREHENSIVE MENTAL STATUS EXAMINATION

NAME:    Kevin Burns

DATE:    05/20/01

CASE #   54288

**CHIEF COMPLAINT AND PRESENTING SITUATION:**    The patient is a 17-year-old white male who was brought in on a BA-52.    The BA-52 states that the patient cut his left wrist with a steak knife.  On arrival at the residence the patient was unable to provide a clear reason as to why he cut his wrist.  The patient reports that he had a bad acid trip and cut his wrist.  He states if he was not high he would not have done it.

**CURRENT SYMPTOMS:**    The patient tends to blame others, not take responsibility for his actions, somewhat oppositional and defiant toward authority.    He has been kicked out of school, truant, smoking, drug use since age thirteen.  He states he is not sad, he just wants to do what he wants to do.

**SUICIDAL IDEATION:**    The patient denies any suicidal ideation, plan or intent and none was noted.  No previous attempts.

DATE:    05/20/01                      Page 3 of 4
NAME:    Kevin Burns                   CASE #:  54288

**DIAGNOSIS/CLINICAL IMPRESSIONS:**

    AXIS I:    Oppositional-defiant disorder.
              Cannabis abuse.
              Rule out dysthymic disorder.

    AXIS II:   Deferred.

    AXIS III:  Deferred.

    AXIS IV:   Mild to moderate.

    AXIS V:    GAF = 50.

Amount of Time Spent =

John Fomanella, A.R.N.P.

JF/kh/6505

32

# Pasco County Sheriff's Office (30) PROPERTY RECEIPT

| 1. TYPE OF CASE Recovered Stolen Property | | 2. PAGE 2 OF 2 PAGES |
|---|---|---|

| 3. PROPERTY CLASSIFICATION: ☐ EVIDENCE ☒ LOST/FOUND ☐ SAFEKEEPING | 5. DEFENDANT KEVIN LEE BURNS | D.O.B. 3-26-84 |
|---|---|---|

4. SPECIAL INSTRUCTIONS
☒ HOLD FOR TRIAL  ☒ RETURN TO OWNER
☐ SEND TO LAB  ☐ TO BE DESTROYED

ADDRESS 7420 ORCHARD DR.
WESLEY CHAPEL, FL 33544

☑ ADULT  ☑ JUVENILE

6. OWNER'S NAME
1. UNK
2. KEVIN BURNS

ADDRESS 7420 ORCHARD DR.
WESLEY CHAPEL FL

PHONE NO. NONE

7. DISCOVERED BY: PCSO

ADDRESS 37312 HOWARD AVE
DADE CITY, FL 33525

PHONE NO. 352-521-5700

8. ADDRESS OR LOCATION WHERE PROPERTY WAS LOCATED
7420 ORCHARD DR. WESLEY CHAPEL, FL 33544

DATE & TIME 5-19-01

| 9. ITEM # | 10. QTY | 11. DESCRIPTION OF PROPERTY | BIN |
|---|---|---|---|
| 12 | 1 | CAR AMP | |
| 13 | 1 | FLDL B652512841060 | |
| | | | |

13. I CERTIFY THAT I AM THE OWNER OF THE ABOVE LISTED PROPERTY TAKEN FROM MY POSSESSION:
X

14. I CERTIFY THAT THE PROPERTY TURNED IN BY ME TO THE PASCO COUNTY SHERIFF'S OFFICE IS NOT MINE.
X

15. THE ABOVE LIST REPRESENTS ALL PROPERTY IMPOUNDED BY ME IN THE OFFICIAL PERFORMANCE OF DUTY AS A DEPUTY SHERIFF:
X _____ SIGNATURE  CJIS# 645    STEVEN GREINER CJIS# 645
PRINTED NAME

16. DATE & TIME IMPOUNDED BY OFFICE
5-19-01

17. PROPERTY / EVIDENCE LOCKER #
DC

**BLOCKS 18 THROUGH 21 AND BLOCK 23 ARE FOR IDENTIFICATION DIVISION USE ONLY**

| 18. DATE & TIME REC. | 19. ITEM # | 20. TRANSACTION | 21. ACKNOWLEDGING SIGNATURE |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

22. I, THE CERTIFIED OWNER, RECEIVED THE ABOVE LISTED PROPERTY:
X

23. DATE & TIME REC. BY PROP. CLERK

24. DATE & TIME RELEASED

34

CASE NO. 01-

TIME / TIME

12. NCIC/FCIC CHECK OP# / NCIC/FCIC ENTERED OP# / DATE

DO NOT ATTEMPT TO CLAIM PROPERTY WITHOUT ARRANGING FOR AN APPOINTMENT WITH THE PROPERTY CLERK.

# Pasco County Sheriff's Office (29) PROPERTY RECEIPT

| 1. TYPE OF CASE | RECOVERED STOLEN PROPERTY | 2. PAGE | 1 OF 2 PAGES |
|---|---|---|---|

| 3. PROPERTY CLASSIFICATION: | ☒ EVIDENCE | ☐ LOST/FOUND | ☐ SECURITY |
|---|---|---|---|

| 4. SPECIAL INSTRUCTIONS | | 5. DEFENDANT KEVIN BYRNS | D.O.B. 3-26-84 |
|---|---|---|---|
| ☒ HOLD FOR TRIAL | ☐ RETURN TO OWNER | ADDRESS | ☐ ADULT |
| ☐ SEND TO LAB | ☐ TO BE DESTROYED | | ☒ JUVENILE |

| 6. OWNER'S NAME | ADDRESS " " | PHONE NO. |
|---|---|---|
| Unknown | | |

| 7. DISCOVERED BY: | ADDRESS 37312 HOWARD AVE. | PHONE NO. |
|---|---|---|
| PCSO | DADE CITY | 352-521-5100 |

| 8. ADDRESS OR LOCATION WHERE PROPERTY WAS LOCATED | DATE & TIME |
|---|---|
| 7420 ORCHARD DR. WESLEY CHAPEL, FL | 5-19-01  2:30 |

| 9. ITEM # | 10. QTY | 11. DESCRIPTION OF PROPERTY | BIN |
|---|---|---|---|
| 1 | 8 | 2×4×8 | |
| 2 | 11 | 2×6×18 | |
| 3 | 2 | 2×4×10 | |
| 4 | 1 | ROLL CONCRETE WIRE | |
| 5 | 1 | 4×8 PLYWOOD | |
| 6 | 6 | BOXES SHEET ROCK MUD | |
| 7 | 1 | 32×80" DOOR | |
| 8 | 20 | MOLDING | |
| 9 | 1 | WHT/GREEN TACKLE BOX | |
| 10 | 1 | BLUE DRILL HOLDER | |
| 11 | 2 | (ITEMS AT GARAGE DC) (TAPED/WRITTEN CONFESSION | |

| 12. I CERTIFY THAT I AM THE OWNER OF THE ABOVE LISTED PROPERTY TAKEN FROM MY POSSESSION: | 14. I CERTIFY THAT THE PROPERTY TURNED IN BY ME TO THE PASCO COUNTY SHERIFF'S OFFICE IS NOT MINE. |
|---|---|
| X | X |

| 15. THE ABOVE LIST REPRESENTS ALL PROPERTY IMPOUNDED BY ME IN THE OFFICIAL PERFORMANCE OF DUTY AS A DEPUTY SHERIFF. | |
|---|---|
| X _____ CJIS# 645 | STEVEN GREIME CJIS# 645 |
| SIGNATURE | PRINTED NAME |

| 16. DATE & TIME IMPOUNDED BY OFFICE | 17. PROPERTY / EVIDENCE LOCKER # |
|---|---|
| 5-19-01 | D.C. |

## BLOCKS 18 THROUGH 21 AND BLOCK 23 ARE FOR IDENTIFICATION DIVISION USE ONLY

| 18. DATE & TIME REC. | 19. ITEM # | 20. TRANSACTION | 21. ACKNOWLEDGING SIGNATURE |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| 22. I, THE CERTIFIED OWNER, RECEIVED THE ABOVE LISTED PROPERTY: | 23. DATE & TIME REC. BY PROP. CLERK | |
|---|---|---|
| X | 24. DATE & TIME RELEASED | 25. BY |

PCSO 5-0078 (REV. 1/97)   ORIGINAL WITH PROPERTY   CANARY TO RECORDS   PINK TO CID   GOLDENROD TO OWNER

33

JUN-20-2000  22:40         SSA                                    D-11          P.026

EXHIBIT NO. B7
PAGE: 28 OF 45

1 3.1 8 0 9 2 6 0 0 0 0 1 4 0

INVESTIGATION:        On 05/19/01 at 1900 hrs. I was called out to assist Cpl. Hink in an investigation. I responded to the Dist. II office and met with Cpl. Hink and his trainee, Deputy E. Brown. I was advised post miranda by card Mr. Burns had requested and agreed to point out several construction sites that he had burglarized. Mr. Burns had been arrested for possession of marijuana and he had also cut his wrists earlier in the day. His interview and transport was done with the knowledge and consent of his father. I took custody of Mr. Burns and responded to the Wesley Chapel area.  He advised me he stole a box of caulk and a door that was inside the garage of this home under construction. I observed that all these homes had the walls and roof completed, but did not have doors or windows hung yet.

I took his handcuffs off and he voluntarily pointed out all the stolen property.

OFFENSE:  NARCOTICS VIOLATION          VICTIM:    STATE OF FLORIDA          CASE NO:  01-22093
a tackle box and a drill holder. Kevin also advised me a white and green tackle box, a blue drill holder and a car amplifier in his home were also stolen. He said he stole these items from _____ residence. A check with _____ showed he was not missing any property.

We loaded most of the stolen property onto the agency wrecker. Mr. Burns admitted stealing approximately 30 sheets of plywood from another location.  The plywood had already been used to construct a large room at the rear of this residence. The room was approximately 15' long by 12' wide and it would have been very difficult to rip apart the plywood to seize it as evidence. Deputy Peteck took photographs of all the evidence. The department wrecker assisted in impounding the stolen property and transporting it to a secured area. I met Mr. Glen Burns. He confirmed that he had given permission for his son to be interviewed.  He said he thought that his son was getting the construction materials from the job sites he had worked on. He said he thought these materials were scrap or at times his son would tell him he purchased the lumber and other materials. Kevin Burns stated he would use his father's van to steal construction materials from job sites while on the way home from his regular job at Residential Drywall.

He then agreed to lead me to other locations where he stole more materials.  back to the area of S.R. 54 and I-75. Mr. Burns was asked about why he had cut his wrists and if he was really trying to kill himself earlier this date. He told me he was not really trying to kill himself and he was only trying to get attention. He said he was a little depressed because he could not get a girlfriend and he said he stole all these materials to build his own room, in the hopes that a girl would stay with him if he had his own place. He said he never wanted to kill himself. I asked him if he had used drugs today and he replied he was high on "rolls" earlier in the day, but that he was fine now. He said his "high" went away after he had left the hospital. He did not appear to be under the influence of drugs and he appeared alert during my interview with him. We passed the Lexington Oaks Subdivision and he advised me to turn around. He lead me to the area of 5322 War Admiral Drive in the Saratoga Village Subdivision of Lexington Oaks. He told me he stole more "mud" from one of the three houses under construction, but he was not sure of which one. He said he was unable to remember any other construction site thefts.

I transported him to Land O'Lakes Detention Center and he was processed for the possession of marijuana charge. A thorough computer check revealed none of these locations which Mr. Burns pointed out had any record of any reported crimes. Due to none of these offenses being reported, I was not able to charge Kevin with any crimes at this time.  A computer check of the car amplifier yielded negative results.  I completed a property receipt for all the recovered stolen property and I also entered Kevin's written and taped confessions into evidence. Kevin also signed a waiver of rights form.

| Under penalties of perjury, I declare that I have read the foregoing (document) and that the facts stated in it are true, to the best of my knowledge. | COPIES TO: |
| | REFERRED TO: |
| SIGNATURE:                    DATE: 5-24-01 | RETAINED BY: |
| NAME PRINTED: DET. S. GREINER        CIIS:  645 | RELATED REPORTS: |
| SUPERVISOR:                    CIIS: 6T     DATE: 5/26/01     PG.  02 OF 04 |

35

131809260000140

EXHIBIT NO. B7E
PAGE: 30 OF 45

Pasco County Sheriff's Office
CONTINUATION SHEET

D-12

01-22093

| OFFENSE:  NARCOTICS VIOLATION | VICTIM:    STATE OF FLORIDA | CASE NO:   01-23093 |
|---|---|---|

I contacted the Juvenile Detention Center and was advised Mr. Burns did not meet the requirements for juvenile incarceration at their facility. I contacted Sgt. Rowan and advised him although Mr. Burns said he did not want to kill himself, he should be taken to a secure facility for further observation. Cpl. Hink responded to the jail and placed Mr. Burns into protective custody. At that time he was transported to the Harbors for further treatment.

I will attempt to contact each of these locations during business hours, to ascertain if the victims are aware their property was stolen.

See report #01-23409

Nothing further at this time.

131809260000140

EXHIBIT NO. B7E
PAGE: 36 OF 45

Client Name: Burns, Kevin

Client #: 54288

HARBOR EMERGENCY SERVICES
PROGRESS NOTE

**SUMMARY**
This is a seventeen-year-old male presenting on involuntary legal status for mental health crisis assessment due to BA52 due to cutting wrists while under the influence of Hallucinogens. Currently appears physically stable and is dressed inappropriately, however may be considered appropriate to season. Was transported by law enforcement and was not accompanied to assessment

**MENTAL STATUS**
Is alert, oriented to time, place, person and situation. Is responsive and yet. Judgment is poor. Memory appears intact. Denies psychotic symptomotology and none is evident at assessment. Reliability is considered poor.

**DIAGNOSIS**
292.84 Hallucinogen induced mood disorder, with onset during intoxication
394.30 Cannabis Dependence
GAF = 31

Melissa M. Galik, BSEd, Screener
Date: 05-20-01
Start Time: 0107    End Time: 0210
Service Code: 38

| Under penalties of perjury, I declare that I have read the foregoing (document) and that the facts stated in it are true, to the best of my knowledge. | COPIES TO: |
|---|---|
| SIGNATURE:                                    DATE: 5-24-01 | REFERRED TO: |
| NAME PRINTED:  DET. S. GREINER        CIIS:  645 | RETAINED BY: |
| SUPERVISOR:  JGG        CIIS:  471    DATE: 5-25-01    PG.  03 | RELATED REPORTS: |

36

JUN-20-2000   22:41          SSA

(2)

P.029

EXHIBIT NO. B5F
PAGE: 11 OF 13

## PASCO COUNTY SHERIFF'S OFFICE

### VOLUNTARY STATEMENT FORM

01-22043-22092

CASE #: 01-22043  22075

I, _Kevin L Binns_ _____ am writing this statement of my own free will. My statement is:

_That I went around and collect_
_Building materials to build me a room_
_around back. To tack a girl to_
_Spend time_

SIGNATURE _Dianna Peake_

DISTRICT OFFICE (Name, Address & Code)
FOR PCLA SOCIAL SECURITY ADMIN
V31 DISABILITY DETERMINATIONS
PO BOX 9860
PENSACOLA, FL 32513-9860

| | ☐ CR | ☐ FR | ☐ SR | ☐ CLAIMS CLERICAL |
| ☐ OTHER (Specify) | | | |

DATE OF REPORT
09/05/2018

**EXHIBIT NO. B27F**
**PAGE: 23 OF 26**

| | NE ☐ | MAT ☐ | SE ☐ | GL ☐ | WN ☐ | WAM ☐ |
| | OOO | OIO | DDS ☒ | | | |

PAGE 1 OF 1  NAME OF WAGE EARNER OR SE PERSON

TO:

BURNS, KEVIN LEE

PERSON(S) CONTACTED AND ADDRESSES  ☐ WE OR SE PERSON  ☐ OTHER (Specify)

SPECIAL S

CONTACT MADE:
☐ DO ☐ BO ☐ CS: ☐ HOME ☐ PHONE:          ☐ OTHER

DATE OF CONTACT
09/05/2018

SUBJECT: Suicide flag per internal DDS memo PM 06-03, the attached case shall be flagged for suicide / homicide potential due to statements made by the claimant or information contained within the medical record indicating that the claimant is currently or has in the past threatened to engage in homicidal or suicidal behavior.

Therefore, the case has been flagged "Special S" and shall be locked before closure and forwarded for review to ensure adherence to policy.

_↗_
_SSA Cose file_
_and added_
_to my "NON_
_VOLUNTARY STATEME_
_form" TO SHOW THERE PLA_
_TO HID WHAT THEY DID_

PRINTED NAME: _Kevin Burns_

SIGNATURE: _____           DATE: _3-19-01_

WITNESS (Printed Name): _STEVEN GREINER_

WITNESS SIGNATURE: _____

WITNESS (Printed Name): _____

WITNESS SIGNATURE: _____

37

(6)

ADMISSION DATE:  5/29/01

PROGRAM:  31-TASC

COURT CASE #:  01-1267DLAES

DOB:  03/26/84

THE HARBOR

BEHAVIORAL HEALTH CARE INSTITUTE

BIOPSYCHOSOCIAL ASSESSMENT

INTERVIEW SETTING:  Pasco County Juvenile Detention Center.

IDENTIFYING INFORMATION: Kevin is a 17-year-old single white male with brown eyes and black hair. He denies having any tattoos or pierced body parts. He has a scar across his left wrist from a recent suicide attempt.

REFERRAL SOURCE:  Kevin was referred by The Department of Juvenile Justice. His counselor there is Margit Chipman.

PRESENTING PROBLEM/CHIEF COMPLAINT/SYMPTOMS: Kevin was referred due to his danger to self, criminal activity and substance abuse. He was brought to the Detention Center from The Harbor Crisis Unit where he had been Baker Acted following a suicide attempt. He is currently charged with one count of trespassing and seven counts of burglary. He was in a diversionary program following 2/23/01 charges of marijuana possession, narcotic equipment possession, trespass and larceny.

MEDICAL HISTORY: Kevin reports his health is good. He is receiving medical care for a cut left wrist. He was hospitalized for that following a suicide attempt. He had staples put in his wrist. He was then Baker Acted to The Harbor and released to the Juvenile Detention Center. He reports his only major medical problem in the past has been a concussion at age 16. He denies any other major medical problems. He denies any family history of major medical problems.

DEVELOPMENTAL HISTORY:

MENTAL HEALTH TREATMENT HISTORY:  Kevin was Baker Acted to The Harbor on 5/20/01 following a suicide where he cut his left wrist with a steak knife. He denies any other mental health treatment history.

DATE:  5/29/01
NAME:  Burns, Kevin

PAGE 3 OF 5
CASE #0054288

LEGAL HISTORY: Kevin is currently charged with seven counts of burglary and one trespass on a construction site. This is the result of his intention to build an addition on his room. He reports having taken materials such as plywood, two-by-fours, shingles and dry wall mud. He has 2/23/01 marijuana possession, narcotic equipment possession and trespass and larceny charges for which he has been placed on a diversionary program. Other previous charges include an 11/29/97 retail theft and a 4/29/96 other misdemeanor for cutting down a fence so he could ride dirt bikes.

DATE:  5/29/01
NAME:  Burns, Kevin

PAGE 6 OF 6
CASE #0054288
PAGE 5 OF 5
CASE #0054288

AXIS III: None.

AXIS IV: Legal charges.

AXIS V:   GAF= 35

DIAGNOSTIC IMPRESSIONS:

AXIS I:  312.89 - Conduct disorder
304.30 - Cannabis dependence
305.30 - Hallucinogen abuse
Rule out

SE RICHARDSON

38

EVERY THING BEFORE THIS

# POINT

# WAS NOT MADE
# APART OF THE
# ADULT COURT
# RECORD USED TO
# PROSECUTE A
# mentally ill CHILD

EVERYTHING AFTER THIS POINT WAS
MADE APART OF THE COURT RECORD
AND CASE FILE ALONG WITH A TAPE
THAT WAS WITHOUT THE CHAIN OF
CUSTODY. FOUND ABOVE

39

**STATE OF FLORIDA**
IN THE NON-COURT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY FLORIDA

KEVIN LEE BURNS
      Appellant,
        vs.
STATE OF FLORIDA
      Appellee.

Lower Tribunal Case: 2001-CF-2628
              2001-CF- 2631-2636

DCA Case Number:

Lower Tribunal Judge: Kemba Lewis

# RECORD ON APPEAL

# REDACTED





# IN THE CIRCUIT COURT
## FOR THE SIXTH JUDICIAL CIRCUIT OF FLORIDA
### IN AND FOR PASCO COUNTY

SPRING TERM, 2001

FELONY INFORMATION

CRC01-2628 CFAES

STATE OF FLORIDA

VS.

KEVIN LEE BURNS
SPN 00257999
W/M; DOB: 3/26/84
SSN: ████-0710

# JUVENILE

1. BURGLARY, 2°F
2. PETIT THEFT, 2°M

*IN THE NAME AND BY THE AUTHORITY FOR THE STATE OF FLORIDA:*

BERNIE McCABE, State Attorney for the Sixth Judicial Circuit of Florida, in and for Pasco County, prosecuting for the State of Florida, in the said County, under oath, Information makes that

KEVIN LEE BURNS

in the County of Pasco and State of Florida, on or between the 21st and the 30th days of April, in the year of our Lord, two thousand one, in the County and State aforesaid, unlawfully and without invitation or license did enter or remain in that certain structure, the dwelling of Wayne Scott and/or Central Drywall, Inc., located at 5328 War Admiral Drive, in the City of Wesley Chapel, in the County and State aforesaid, the property of Wayne Scott and/or Central Drywall, Inc. with the intent to commit an offense therein, the said structure at the time not open to the public; contrary to Chapter 810.02(3), Florida Statutes, and against the peace and dignity of the State of Florida. [C3]

COUNT TWO

And the State Attorney aforesaid, under oath as aforesaid, further information makes that KEVIN LEE BURNS, in the County of Pasco, State of Florida, on or between the 21st and the 30th days of April, in the year of our Lord, two thousand one, in the County and State aforesaid, did knowingly and unlawfully obtain or use or endeavor to obtain or use the property of another, to-wit: construction material, of the value of less than $100, the property of Wayne Scott and/or Central Drywall, Inc. with the intent to deprive Wayne Scott and/or Central Drywall, Inc. of a right to the property or benefit therefrom, or with the intent to appropriate the property to his own use or to the use of any person not entitled thereto; contrary to Chapter 812.014, Florida Statutes, and against the peace and dignity of the State of Florida. [2I]

*IN THE,*
*YEAR & NAME OF THE LORD,*
P. Kelly 8/24/01  *THE UNITED STATES*
F
*TOLD LIES*

41



| Parcel ID | 10-26-19-0050-03200-0100 (Card: 1 of 1) |
|---|---|
| Classification | 00100-Single Family |

| Mailing Address | Property Value | |
|---|---|---|
| ROVER RANDY J & CHRISTINE P | Ag Land | $0 |
| 5328 WAR ADMIRAL DR | Land | $26,502 |
| WESLEY CHAPEL, FL 33544-5505 | Building | $190,363 |
| | Extra Features | $1,004 |

**Physical Address**
5328 WAR ADMIRAL DRIVE,
WESLEY CHAPEL, FL 33544

| | Just Value | $217,869 |
|---|---|---|
| | Assessed (Non-School Amendment 1) | $138,690 |
| | Homestead | -$25,000 |
| | Additional Homestead | -$25,000 |

<u>Legal Description</u> (First 200 characters)
<u>See Plat for this Subdivision</u>

LEXINGTON OAKS VILLAGE 32A AND
VILLAGE 33 PB 40 PG 132 BLOCK 32
LOT 10 OR 6395 PG 1040

**Jurisdiction**
<u>Pasco County, Board of County
Commissioners</u>

| | | |
|---|---|---|
| **Non-School Taxable Value** | | **$88,690** |
| **School District Taxable Value** | | **$113,690** |

**Warning: A significant taxable value increase may occur when sold.**

**Click here for details and info. regarding the posting of exemptions.**

| Land Detail (Card: 1 of 1) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Line | Use | Code | Description | Zoning | Units | Type | Price | Condition | Value |
| 1 | 0100R | LP1-1 | SFR | MPUD | 5,248.00 | SF | $5.05 | 1.00 | $26,502 |

| Additional Land Information | | | |
|---|---|---|---|
| Acres | Tax Area | FEMA Code | Neighborhood Code(s) |
| 0.12 | 36LX | X | LXOK |

**View Sketch Building Information** - Use 0100-Single Family Residential (Card: 1 of 1)

| | | | |
|---|---|---|---|
| **Year Built** | 2002 | **Stories** | 2.0 |
| **Exterior Wall 1** | Tile or Wood Frame Stucco | **Exterior Wall 2** | Concrete Block Stucco |
| **Roof Structure** | Gable or Hip | **Roof Cover** | Asphalt or Composition Shingle |
| **Interior Wall 1** | Drywall | **Interior Wall 2** | None |
| **Flooring 1** | Carpet | **Flooring 2** | None |
| **Fuel** | Electric | **Heat** | Forced Air - Ducted |
| **A/C** | Central | **Baths** | 2.0 |

| Line | Code | Description | Sq. Feet | Value |
|---|---|---|---|---|
| 1 | BAS01 | LIVING AREA | 1,882 | $148,288 |
| 2 | FUS02 | FINISHED UPPER STORY | 329 | $23,323 |
| 3 | FGR01 | FINISHED GARAGE | 400 | $12,607 |
| 4 | FSP01 | FINISHED SCREENED PORCH | 126 | $3,467 |
| 5 | FST02 | FINISHED STORAGE | 56 | $2,206 |
| 6 | FOP01 | FINISHED OPEN PORCH | 24 | $473 |

| Extra Features (Card: 1 of 1) | | | | | |
|---|---|---|---|---|---|
| Line | Code | Description | Year | Units | Value |
| 1 | RDWSWC | DRVWAY/SIDEWALK CONC | 2002 | 591 | $1,004 |

| Sales History | | | | | |
|---|---|---|---|---|---|
| Previous Owner: | | RODI JOSEPH S JR & RODI TRACY L | | | |
| Month/Year | Book/Page | Type | DOR Code | Condition | Amount |
| 05/2005 | 6395 / 1040 | Warranty Deed | | Improved | $259,900 |
| 12/2002 | 5185 / 0892 | Warranty Deed | | Improved | $146,700 |

*Per: Mike Wills propoty Appcruser for peica cerfy* 42

*19*



**EXPANDED FACE SHEET**                                            D-8

## YOUTH INFORMATION

Date: May 22, 200

| | | | |
|---|---|---|---|
| DJJID | 319952 | | |
| Last Name | BURNS | First Name | KEVIN |
| DOB | 3/28/1984 | Age | 17 |
| Race | White | Eye Color | Brown |
| Weight | 140 | Height | 6ft 3 in |
| Address | 7420 Orchard Dr. | | |

| | Middle Name | Lee |
|---|---|---|
| | Sex | Male |
| | Hair Color | Brown |
| | CIS ID # | KXB034084 |

### Law Enforcement Information

| Arrest Date | Referral ID | Circuit | Agency Name | Officer's Name | Badge # |
|---|---|---|---|---|---|
| 05/22/2001 | 1609778 | 6 | Pasco County Sheriff's Of | Det Steven Greiner | 645 |
| 05/22/2001 | 1609799 | 6 | Pasco County Sheriff's Of | Det Steven Greiner | 645 |
| 02/23/2001 | 1555822 | 13 | Tampa Police Department | Gusina | 522 |
| 02/23/2001 | 1555836 | 13 | Tampa Police Department | Dimarco | 43470 |
| 11/29/1997 | 156168 | 8 | Old CIS (Do not Remove) | OLD CIS UNKNOWN | |
| 04/29/1996 | 156167 | 8 | Old CIS (Do not Remove) | OLD CIS UNKNOWN | |

*NO MAY 19, 2001 NARCOTICS VIOLATION (PAGE) 000020*

*ARREST*

*Altered document*

### Member Information

| Member Name (Last, First, Middle) | Relationship |
|---|---|
| lums, Davy | Father |

### Charges

| Offense Da | Description | Ref ID | Court Docket | Unit JRO | Disp Date | Adj | Disposition |
|---|---|---|---|---|---|---|---|

*A PART OF THE COURT RECORD AND CASE FILE 43*

Expanded Face Sheet Information for DJJID 319952

Report Date: May 22, 2001 5:11:46PM

DJJ/PP Form 4

000017

D-7

**JUVENILE**

NOTICE TO APPEAR — ADULT ☐ JUVE ☒

7420 ORCHARD DR. WESLEY CHAPEL FL  70210 RUDOLPH LN. SAN ANTONIO, FL 33

DATE: 05-22-01   TIME: 13:35   BOOKING DATE: 5.22.01   BOOKING TIME: 1419

J2EO1-0506  00357999

**BURNS, KEVIN LEE**

RACE: W  SEX: M  DATE OF BIRTH: 03-26-84  AGE: 17  HGT: 6'2"  WGT: 160  EYE: BRN  HAIR: BLACK  COMPLEXION: MED

SCARS, MARKS, TATTOOS, ETC: WRIST

PHYSICAL ADDRESS: 7420 ORCHARD DR., WESLEY CHAPEL, FL 33543  813.973.3452

MAILING ADDRESS: 7420 ORCHARD DR., WESLEY CHAPEL, FL 33543  813.973.3452

BUSINESS ADDRESS: NONE

OCCUPATION: CONSTRUCTION

CO-DEFENDANT: N/A   PLACE OF BIRTH: FLORIDA  US

NAME OF PARENT/GUARDIAN: BURNS, GLEN  374330

ADDRESS: 7420 ORCHARD DR. WESLEY CHAPEL, FL 33543   813: 973-34

NOTIFIED BY: DET. S. GREINER   DATE: 5-22-01   7335   PRESENT

PRJD   PASCO JDC   05-22-01

CHARGE: BURGLARY (RESIDENCE)   810.02   2299  0101267 DLAES

**PROBABLE CAUSE STATEMENT:**
on the 21 day of APRIL 2001 at 5:00

ABOUT 04-21-01 A DOOR (WITH FRAME) ALONG WITH A BOX OF FLOOR ADHESIVE WAS
STOLEN FROM THE GARAGE OF A HOME UNDER CONSTRUCTION. (THE HOME WAS
COMPLETED BUT HAD NO DOORS OR WINDOWS HUNG YET.) ON 05-19-01, IN A POST
MIRANDA INTERVIEW, MR. BURNS CONFESSED TO STEALING THE VICTIM'S PROPE
HE ALSO LED ME TO THIS LOCATION AND POINTED OUT THE HOUSE TO ME.
SOME OF THE STOLEN PROPERTY WAS RECOVERED AT THE DEFENDANT'S
HOUSE. THE DEFENDANT WAS ARRESTED AND TRANSPORTED TO JAIL.

DATE: 05-22-01

DATE: 5-22-01

DET. STEVEN GREINER 685

PCSO# 3-0172 (Rev. 6/99)

CLERK OF COURT

D-24

~~IN THE NAME AND BY THE AUTHORITY FOR THE STATE OF FLORIDA:~~

BERNIE McCABE, State Attorney for the Sixth Judicial Circuit of Florida, in and for Pasco County, prosecuting for the State of Florida, in the said County, under oath, Information makes that

KEVIN LEE BURNS

in the County of Pasco and State of Florida, on or between the 21st and the 30th days of April, in the year of our Lord, two thousand one, in the County and State aforesaid, unlawfully and without invitation or license did enter or remain in that certain structure, the dwelling of Wayne Scott and/or Central Drywall, Inc., located at 5328 War Admiral Drive, in the City of Wesley Chapel, in the ~~County and State aforesaid~~ the property of Wayne Scott and/or Central Drywall, Inc. with the intent to commit an offense therein, the said structure at the time not open to the public; contrary to Chapter 810.02(3), Florida Statutes; and against the peace and dignity of the State of Florida. [C3]

APART OF THE COURT RECORD AND CASE FILE ↑(↓NOT)

PASCO COUNTY PROPERTY APPRAIER

PRINT OUT

| Parcel ID | 10-26-19-0050-03200-0100 (Card: 1 of 1) | |
|---|---|---|
| Classification | 00100-Single Family | |

| Mailing Address | Property Value | |
|---|---|---|
| ROVER RANDY J & CHRISTINE P | Ag Land | |
| 5328 WAR ADMIRAL DR | Land | $26,502 |
| WESLEY CHAPEL, FL 33544-5505 | Building | $190,363 |
| | Extra Features | $1,004 |

**Physical Address**
5328 WAR ADMIRAL DRIVE, WESLEY CHAPEL, FL 33544

| | | |
|---|---|---|
| | Just Value | $217,869 |
| | Assessed (Non-School Amendment 1) | $138,690 |
| | Homestead | -$25,000 |
| | Additional Homestead | -$25,000 |

Legal Description (First 200 characters)
See Plat for this Subdivision
LEXINGTON OAKS VILLAGE 32A AND VILLAGE 33 PB 40 PG 132 BLOCK 32 LOT 10 OR 6395 PG 1040

| | | |
|---|---|---|
| | Non-School Taxable Value | $88,690 |
| | School District Taxable Value | $113,690 |

Jurisdiction
Pasco County, Board of County Commissioners

Warning: A significant taxable value increase may occur when sold.
Click here for details and info. regarding the posting of exemptions.

| Land Detail (Card: 1 of 1) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Line | Use | Code | Description | Zoning | Units | Type | Price | Condition | Value |
| 1 | 0100R | LP1-1 | SFR | MPUD | 5,248.00 | SF | $5.05 | 1.00 | $26,502 |

**Additional Land Information**

| Acres | Tax Area | FEMA Code | Neighborhood Code(s) |
|---|---|---|---|
| 0.12 | 36LX | X | LXOK |

View Sketch **Building Information** - Use 0100-Single Family Residential (Card: 1 of 1)

| | | | |
|---|---|---|---|
| Year Built | 2002 | Stories | 2.0 |
| Exterior Wall 1 | Tile or Wood Frame Stucco | Exterior Wall 2 | Concrete Block Stucco |
| Roof Structure | Gable or Hip | Roof Cover | Asphalt or Composition Shingle |
| Interior Wall 1 | Drywall | Interior Wall 2 | None |
| Flooring 1 | Carpet | Flooring 2 | None |
| Fuel | Electric | Heat | Forced Air - Ducted |
| A/C | Central | | |

Page 185

45

D-25

*Paula S. O'Neil, Ph.D.*

## ase Progress Dockets

New Sea

| CASE NUMBER | FILE DATE | CASE TYPE | STATUS |
|---|---|---|---|
| 512001CF002632A000ES [CRC0102632CFAES] | 07/03/2001 | Felony (CF) | CASE RECLOSED |

| CHARGE SEQ# | STATUTE | STATUTE TEXT | DATE | PHASE |
|---|---|---|---|---|
| CRC0102632CFAES # | 810.02 | BURGLARY*(MISD.)PETIT THEFT | 07/02/2001 | Prosecutor: Filed |

[PUBLIC DEFENDER=MABRY,MARIE L PUBLIC DEFENDER=OLIVER,SHARONDA SPECIAL PUBLIC DEFENDER=OFFICE,REGIONAL COUNSEL EXPERT WITNESS=CARPENTER,RICHARD DR PUBLIC DEFENDER=OLIVER,SHARONDA DEFENDANT ATTORNEY=BUCKSTEIN,KRISTEN J DEFENDANT ATTORNEY=KELLY,JAMES E ASSIST STATE'S ATTORNEY=GARCIA,MANUEL III LAW ENFORCE WITNESS=PETER,JOHN (DEP) LAW ENFORCE WITNESS=HINK,DAVID L JR.(DEP) LAW ENFORCE WITNESS=BROWN,ERIC (DEP) LAW ENFORCE WITNESS=GREINER,STEVE (DEP) ASSIST STATE'S ATTORNEY=GARCIA,MANUEL III DEFENDANT=BURNS,KEVIN L ]
[JUDGE=GARDNER, SUSAN L]

REOPEN INFO: DATE=03/30/2011 REASON=Other reason CLOSED DATE=05/10/2011

LAST DOCKET DATE=02/02/2012 APPEAL DATE=04/26/2011

[Court Events | Finance Info | Docket Info]

## Primary Parties:

| Party Type: | Name: | Attorney Type: | Attorney: |
|---|---|---|---|
| Defendant | BURNS, KEVIN | Public Defender | PUBLIC DEFENDER-APPE. |

## Filing Information:

| File Date: | Filing Type: | Disposition Date: | SRS Disposition: |
|---|---|---|---|

## Progress Docket

| Docket Date: | Docket Description |
|---|---|
| 7/2/2001 | AFFIDAVIT OF PROBABLE CAUSE (WITNESS AFFIDAVIT) |
| 7/2/2001 | ORDER PROBABLE CAUSE FOUND 071001 |
| 7/2/2001 | INFORMATION FILED: BURGLARY;(MISD.)PETIT THEFT, 2 DEG |
| 7/2/2001 | CAPIAS TO SHERIFF BURNS,KEVIN LEE |
| 7/2/2001 | BOND SET AT: 005000 |
| 7/2/2001 | NOTICE OF RESTITUTION |
| 7/3/2001 | OPEN BY DIRECT FILE FROM CJC0101277DLAES IN JUVENILE |
| 7/17/2001 | NOTICE OF ARRAIGNMENT - 073101 08:30 A.M. |
| 7/19/2001 | COMPLAINT AND ADVISORY BURGLARY-PETIT THEFT |
| 7/19/2001 | ORDER PROBABLE CAUSE FOUND |
| 7/19/2001 | DEFENDANT TO RETAIN PRIVATE COUNSEL |
| 7/19/2001 | BOND REDUCED TO: 001000 |
| 7/24/2001 | CAPIAS RETURNED EXECUTED 071801 |
| 7/27/2001 | COPY OF BOND $1000/PARISH BAIL BONDS |
| 7/31/2001 | MOTION: 10D GRANTED |
| 7/31/2001 | ARRAIGNED - NOT GUILTY PLEA ENTERED |
| 7/31/2001 | PRETRIAL CONFERENCE SET: 092101 @ 8:30 AM |
| 8/2/2001 | NOTICE OF HEARING - 092101 08:30 A.M. |
| 8/15/2001 | NOTICE OF DISCOVERY |
| 8/15/2001 | NOTICE OF APPEARANCE JAMES KELLY,ESQ. |

46

D-26

## Case Abstract Filing

| | |
|---|---|
| 8/22/2001 | EX-PARTE MOTION: TO WITHDRAW |
| 8/22/2001 | ORDER WITHDRAWING PUBLIC DEFENDER |
| 8/28/2001 | ANSWER TO DEMAND FOR DISCOVERY |
| 8/28/2001 | DEMAND NOTICE INTENTION TO CLAIM ALIBI |
| 9/21/2001 | WAIVED RIGHT TO SPEEDY TRIAL |
| 9/21/2001 | PRETRIAL CONFERENCE SET: 110901 @ 08:30 AM |
| 9/21/2001 | WAIVER OF SPEEDY TRIAL |
| 9/27/2001 | NOTICE OF HEARING - 110901 08:30 A.M. |
| 10/3/2001 | NOTICE OF TAKING DEPOSITION |
| 10/3/2001 | SUBPOENA TO SHERIFF D (4) |
| 11/1/2001 | NOTICE OF CANCELLATION OF DEPO |
| 11/8/2001 | ORDER FOR PSI W/JJ COMMENTS |
| 11/8/2001 | FINDING OF GUILT BK 009F PG 0464-0464 |
| 11/9/2001 | CHANGED PLEA TO NOLO CONTENDERE |
| 11/9/2001 | PRE-SENTENCE INVESTIGATION ORDERED |
| 11/9/2001 | SENTENCING SET 121401 @ 08:30 AM |
| 11/15/2001 | NOTICE OF SENTENCING - 121401 08:30 A.M. |
| 11/16/2001 | NOTICE OF CANCELLATION OF DEPOSITION |
| 12/14/2001 | ADJUDICATION WITHHELD BEFORE TRIAL (EACH COUNT) |
| 12/14/2001 | SENTENCED AS A YOUTHFULL OFFENDER |
| 12/14/2001 | SENTENCED: 6Y DOC |
| 12/14/2001 | SENTENCE SUSPENDED: 6Y IN LIEU OF |
| 12/14/2001 | PROB ORDRD BEFORE CNVT 6Y W/CONDS |
| 12/14/2001 | COURT COSTS 000250 |
| 12/14/2001 | JUVENILE ASSESSMENT TRUST FUND 000003 |
| 12/14/2001 | TEEN COURT 000003 |
| 12/14/2001 | INVESTIGATION FEE 000080 |
| 12/14/2001 | EARLY TERMINATION AFTER 2 YEARS |
| 12/14/2001 | RESTITUTION 001935.00 PAYABLE TO VICTIM |
| 12/14/2001 | CONCURRENT WITH 01-02631CF;2632;2633;2634;2635;2636 |
| 12/14/2001 | ADULT SENTENCING FORM |
| 12/14/2001 | PRE-SENTENCE INVEST |
| 12/20/2001 | JDMT/ORD. PROB. PART OF SENT. BK 009H PG 0578-0580 |
| 12/26/2001 | JUDGMENT AND SENTENCE BK 009H PG 0573-0577 |

← Effective Counsel

← INEffective counsel who:
TURN STATE AFTER BEING PAID 5K TO DEFEND ME

APART OF THE COURT RECORD AND CASE FILE    47

| ID | Date | | Offense Description | Statute | | Disposition | Disposition Date |
|---|---|---|---|---|---|---|---|
| 156157 | 04/29/1996 | - | OTH MISD- OTHER MISDEMEANOR (OLD CIS) | 999 | | Comm Arbitration Mediat (Del/Non Jud) | 06/04/1996 |
| 156168 | 11/29/1997 | - | RETAIL THEFT- RETAIL THEFT – SHOPLIFTING (OLD CIS) | 812.015 | | Comm Arbitration Mediat (Del/Non Jud) | 01/21/1998 |
| 1555822 | 02/23/2001 | F-T | TRESPASSING- CONSTRUCTION SITE | 810.09 2d | | Other Diversion Program (Del/Non Jud) | 03/19/2001 |
| 1555822 | 02/23/2001 | F-T | LARC- GRAND FROM POSTED CONSTRUCTION SITE | 812.014 2c10 | | Other Diversion Program (Del/Non Jud) | 03/19/2001 |
| 1555836 | 02/23/2001 | M-F | MARIJUANA-POSSESS- NOT MORE THAN 20 GRAMS | 893.13 6b | | Other Diversion Program (Del/Non Jud) | 03/08/2001 |
| 1555836 | 02/23/2001 | M-F | NARCOTIC EQUIP-POSSESS- AND OR USE | 893.147 1 | | Other Diversion Program (Del/Non Jud) | 03/19/2001 |
| 1609778 | 04/21/2001 | F-S | BURGL OF UNOCCUPIED DWELLING;UNARMED;NO ASSLT OR BATT | 810.02 3b | | | |
| 1609781 | 04/21/2001 | F-S | BURGL OF UNOCCUPIED DWELLING;UNARMED;NO ASSLT OR BATT | 810.02 3b | | | |
| 1609787 | 04/21/2001 | F-S | BURGL OF UNOCCUPIED DWELLING;UNARMED;NO ASSLT OR BATT | 810.02 3b | | | |
| 1609788 | 04/22/2001 | F-S | BURGL OF UNOCCUPIED DWELLING;UNARMED;NO ASSLT OR BATT | 810.02 3b | | | |
| 1609792 | 04/26/2001 | F-T | TRESPASSING- CONSTRUCTION SITE | 810.09 2d | | | |
| 1609792 | 04/26/2001 | F-S | BURGL OF UNOCCUPIED DWELLING;UNARMED;NO ASSLT OR BATT | 810.02 3b | | | |
| 1609794 | 04/26/2001 | F-S | BURGL OF UNOCCUPIED DWELLING;UNARMED;NO ASSLT OR BATT | 810.02 3b | | | |
| 1609799 | 04/30/2001 | F-S | BURGL OF UNOCCUPIED DWELLING;UNARMED;NO ASSLT OR BATT. | 810.02 3b | | | |

NO MAY 19, 2001 ARREST FOR
NARCOTICS VIOLATION

IJJ 2049. 09/99

A PART. OF COURT. RECORD AND CASE FILE.
000027

48

D-28

COUNTY COURT OR CIRCUIT COURT – CRIMINAL DIVISION
PASCO COUNTY, FLORIDA

01-2631 Greer

STATE OF FLORIDA                    :

V.                                   :        WITNESS AFFIDAVIT

KEVIN LEE BURNS                      :
SPN 00257999

BEFORE ME, A NOTARY PUBLIC, personally appeared Det. Steven Greiner, who being duly sworn says that the events hereinafter set forth occurred in Pasco County, Florida:

Your Affiant, a sworn law enforcement officer with the Pasco County Sheriff's Office, had occasion to become involved in the investigation of Burglaries of a Dwelling, Grand Theft and six Petit Thefts, which occurred on or between April 21, 2001 and April 30, 2001.

Your Affiant had occasion to come in contact with the DEFENDANT KEVIN LEE BURNS on an unrelated matter. During the course of coming into contact with the DEFENDANT, the DEFENDANT advised your Affiant that he wanted to come clean and confessed to all these burglaries that he had committed. The DEFENDANT then advised your Affiant that, between the above listed dates and times, he did in fact burglarize a dwelling located at 10210 Rudolph Lane in San Antonio, Florida. That dwelling belonging to Jay Mitchell and/or Saber Construction and did in fact remove $100 or more but less than $300 of construction materials from the dwelling.

Wherefore, your Affiant then spoke to Jay Mitchell who advised your Affiant that the DEFENDANT did not have permission to enter the dwelling nor to take any of the property. Furthermore, the

A PART OF THE (over) RECORD AND CULTURE

y9

D-29

DEFENDANT advised your Affiant that he likewise entered a residence at 30501 Double Drive, Wesley Chapel, belonging to Bobby Niswonger and/or Maronda Homes, Inc.   He further stated that once inside he removed $100 or more worth of construction material.   Your Affiant spoke to Bobby Niswonger who advised the DEFENDANT did not have permission to enter the dwelling nor to take any of the materials. Your Affiant was further advised by the DEFENDANT that he also burglarized a home located at 32042 Brookstone Drive, in Wesley Chapel belonging to William Hashagen and/or American Heritage Homes.   Once inside the residence, he did in fact remove construction materials worth less than $100.

Your Affiant spoke to William Hashagen who advised that no one had permission to enter the dwelling nor to take the construction materials.

Your Affiant was further advised by the DEFENDANT that he likewise entered a home located 31907 Grand Reserve Place in Wesley Chapel.   The dwelling of William Hashagen and/or American Heritage Homes.   Once inside, he likewise removed construction material that had a value of less than $100.

Your Affiant again spoke to William Hashagen who advised the DEFENDANT did not have permission to enter the dwelling nor to take any of the materials.

Your Affiant was further advised by the DEFENDANT that he did in fact remove 30 sheets of plywood from a construction site with the value of $300 or more but less than $5,000.

2

5 Q

p-30

Your Affiant spoke to Pat Degregorio, the representative, who advised your Affiant that the DEFENDANT did not have permission to take the 30 sheets of plywood.

Likewise the DEFENDANT further stated to your Affiant that he did in fact burglarize a home located at 5328 War Admiral Drive, Wesley Chapel. Once inside the residence he did in fact take construction materials with the value of less than $100.

Your Affiant spoke to Wayne Scott, a representative, who advised your Affiant that the DEFENDANT did not have permission to enter the dwelling nor to take the construction materials.

Furthermore, the DEFENDANT admitted to your Affiant that he broke into a residence located at 1324 La Cledes Drive, Wesley Chapel belonging to Brian Griffith and/or Pulte Home Corporation. Once inside, he removed construction material valued at $100 or more but less than $300.

Post miranda, the DEFENDANT admitted to all the offenses. Furthermore, your Affiant did in fact conduct a drive around with the DEFENDANT. The DEFENDANT did in fact point out each of these properties to your Affiant as well as what materials were taken from each site.

51

3

D-31

Your Affiant requests this Honorable Court to find probable cause for six counts of Burglary of Dwelling, six counts of Petit Theft; and one count of Grand Theft, contrary to Florida Statutes 810.02/812.014/812.014, against the Defendant.

The foregoing instrument was
acknowledged before me this 03
day of JULY , 2001 by
STEVEN GREINER ,
who is personally known to me
or has produced _____
as identification and who did
take an oath.

**AFFIANT**

PC SO
**AFFIANT'S ADDRESS**

_____
352-████████
**AFFIANT'S TELEPHONE NUMBER**

DALE DeCHANT

NOTARY PUBLIC

Dale DeChant
MY COMMISSION # CC81375 EXPIRES
April 3, 2003
BONDED THRU TROY FAIN INSURANCE, INC.

County Court or Circuit Court -
Criminal Division, Pasco County
Florida

## FINDING OF PROBABLE CAUSE

I, _____MAYNARD F. SWANSON_____ have reviewed this affidavit and do find there is/is not probable cause to hold and bind over for trial the defendant named in this affidavit.

JUDGE MAYNARD F. SWANSON

July 10, 2001
DATE

SE01-23535; SE01-23523; SE01-23505; SE01-23500; SE01-235497;
SE01-23495; SE01-23409; 0612sa/mg21

4

52

(3)

**Patient Name: Kevin Burns**                                    Date: 10/11/2012

- Plan of care reviewed and agreed to – The        .it or responsible person verbalised understanding and agreement with plan.
- Medication: (2) Take medications as prescribed. Do not increase, decrease, start, or stop medications without discussing with provider.
- Plan - start medication to reduce symptom.
- Plan - modify medication as indicated
(3) Avoid alcohol and other drugs to maximize stability.
(4) Decrease PHQ-9 by at least 5 points by 6 months of treatment.
(5) Develop a toolbox of coping skills and stress management techniques to enhance recovery.

**Plan**

- **SCHIZOAFFECTIVE DISORDER, BIPOLAR**
  Saphris 10 MG SUBL, as directed, 40 days, 0 refills

- **OTHER**
  Followup Appointment
    11/8/12, 1 pm

- Return to the clinic if condition worsens or new symptoms arise
- Follow-up visit in 4 weeks

**Advance Directives**
- **Advance Directives Info Given - Reviewed**
- **Patient Health Record - Reviewed**

**Marlene P. Hart MD**
**Electronically signed by: Marlene Hart**    Date: 10/11/2012 15:24

53

190444437769                     05/21/2020 16:57     #353 P.006/036 (2)

EXHIBIT NO. B28F
PAGE: 5 OF 35



**Agency for**
**Community Empowerment**

5730 Bowden Road, Suite 206 ⚶ Jacksonville, Florida 32216 ⚶ (904) 551-0760 ⚶ Fax (904) 745-3793

### Biopsychosocial Assessment

**Name:** Kevin Burns
**Age:** 35
**DOB:** 03/26/1984
**Ethnicity:** Caucasian
**Date:** 07/03/2019
**Time:** 1:00-1:30pm
**Location:** Ace
**Referral Source:** Sunshine Health CM

**Diagnosis:** F25.0 Schizoaffective Disorder, bipolar type; PTSD

**Current Medications:** Client is prescribed medication but he reports he doesn't take it.

**Medication Allergies:** Client reports having a negative reaction to risperdone.



**Agency for**
**Community Empowerment**

5730 Bowden Road, Suite 206 ⚶ Jacksonville, Florida 32216 ⚶ (904) 551-0760 ⚶ Fax (904) 745-3793

### Biopsychosocial Assessment

**Name:** Kevin Burns
**Age:** 35
**DOB:** 03/26/1984
**Ethnicity:** Caucasian
**Date:** 06/01/2018
**Time:** 10:00-11:00am
**Location:** Ace
**Referral Source:** Sunshine Health CM

**Diagnosis:** F25.0 Schizoaffective Disorder, bipolar type; PTSD

**Current Medications:** None

Filing # 203883365 E-Filed 08/01/2024 04:48:57 PM

Inst: 202415003201 Date: 08/02/2024 Time: 8:40AM
Page 1 of 3  B: 631  P: 189, Barbie Higginbotham, Clerk of Court D
County, By:  LD
Deputy Clerk

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
IN AND FOR DIXIE COUNTY, FLORIDA

IN RE: THE NAME CHANGE OF

KEVIN LEE BURNS,
    Petitioner.

CASE NO. 15-2024-DR-109

_____/

## ORDER DENYING PETITION
## FOR CHANGE OF NAME (ADULT)

THIS CAUSE came before the Court on July 2, 2024, for a hearing on **Petition for Change of Name (Adult)** under section 68.07, Florida Statutes, filed on May 13, 2024, and the Court being otherwise fully advised in the premises, finds and rules as follows:

1. The Petitioner was present before the Court, via Zoom video conferencing.

2. The Petitioner testified that his present name is Kevin Lee Burns and requested that his name be changed to Kain Is-Real Burns.

3. The Court made an oral ruling on July 2, 2024, granting the Petition for Change of Name (Adult) to Kain Burns.

4. Subsequent to the hearing held on July 2, 2024, the Court, *sua sponte*, further reviewed section 68.07, Florida Statutes, the petition, and the FDLE Information Notification System Report filed in this matter.

5. Pursuant to Florida Statute 68.07(2)(h), the petition shall be verified and show whether the Petitioner has ever been arrested for or charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of adjudication, and if so, when and where.

6. Pursuant to Florida Statute 68.07(2)(k), the petition shall be verified and show that the petition is filed for no ulterior or illegal purpose and granting it will not in any manner invade the property rights of others, whether partnership, patent, good will, privacy, trademark, or otherwise.

7. Pursuant to Florida Statute 68.07(2)(l), the petition shall be verified and show that the Petitioner's civil rights have never been suspended or, if the Petitioner's civil rights have been suspended, that full restoration of civil rights has occurred. The Petitioner failed to provide any evidence supporting full restoration of his civil rights.

8. The court contacted the Office o f Executive Clemency and received a gold seal letter confirming that the Petitioner's civil rights have not been restored. A copy of said letter is hereby attached.

'55

9



CERTIFIED: TRUE COPY
BARBIE HIGGINBOTHAM, CLERK
BY:
DEPUTY CLERK
Dated:

It is, therefore, ORDERED AND ADJUDGED that the Court's oral ruling granting the Petition for Change of Name (Adult) is hereby vacated and set aside, and this matter is **DENIED**.

**DONE AND ORDERED** in Columbia County, Florida on August 1, 2024.

MARK E. FEAGLE, Circuit Judge

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document has been e-filed through the Florida Courts E-Filing Portal and a true and correct copy has been sent by U.S. Mail/Email on **August 1, 2024** to the parties listed below:

Kevin L. Burns
P.O. Box 555
Old Town, Florida 32680



56





C-1

# CERTIFICATE OF LIVE BIRTH

FLORIDA

LOCAL FILE NO. | STATE NO. 109-

1. CHILD—NAME: FIRST KEVIN, MIDDLE LEE, LAST ROGERS
2. SEX: Male
3a. DATE OF BIRTH (Mo., Day, Yr.): March 26, 1984
3b. HOUR: 6:44P
4a. HOSPITAL—NAME (If not in hospital, give street and number): East Pasco Medical Center
4b. CITY, TOWN OR LOCATION OF BIRTH: Dade City
4c. COUNTY OF BIRTH: Pasco

I certify that the stated information concerning this child is true to the best of my knowledge and belief.

5a. (Signature): Lillie Ruth Southward
5b. DATE SIGNED (Mo., Day, Yr.): 3/27/84
5c. NAME AND TITLE OF ATTENDANT AT BIRTH IF OTHER THAN CERTIFIER (Type or print): R.L. Simmons, MD
5d. CERTIFIER—NAME AND TITLE (Type or print): Lillie Ruth Southward, Clerk
5e. MAILING ADDRESS (Street or R.F.D. No., City or Town, State, Zip): 608 W. Howard Ave. Dade city, Fl. 33525
6a. REGISTRAR (Signature): Mildred P. Sprigg
6b. DATE RECEIVED BY REGISTRAR (Mo., Day, Yr.): March 27, 1984

7a. MOTHER—MAIDEN NAME: FIRST Cheryl, MIDDLE Lynne, LAST Rogers
7b. AGE (At time of this birth): 21
7c. STATE OF BIRTH (If not in U.S.A., name country): Ohio
8a. RESIDENCE—STATE: Florida
8b. COUNTY: Pasco
8c. CITY, TOWN OR LOCATION: Zephyrhills
8d. STREET AND NUMBER OF RESIDENCE: 2 A Orchard Dr.
8e. INSIDE CITY LIMITS (Specify yes or no): No
9. MOTHER'S MAILING ADDRESS—(If same as above, enter Zip Code only): 34248

10a. FATHER—NAME: FIRST, MIDDLE, LAST
10b. AGE (At time of this birth):
10c. STATE OF BIRTH (If not in U.S.A., name country):

I certify that the personal information provided on this certificate is correct to the best of my knowledge and belief.

11. (Signature of Parent): Cheryl Lynne Rogers

INFORMATION FOR MEDICAL AND HEALTH USE ONLY

CERTIFIED COPY

:REBY CERTIFY THE ABOVE TO BE A TRUE AND CORRECT COPY OF THE LOCAL REGISTRAR'S
)RD ON FILE IN THE OFFICE OF THE PASCO COUNTY HEALTH DEPARTMENT, VITAL STATISTICS
ION, AT DADE CITY, FLORIDA 33525.
ING: NOT VALID UNLESS RAISED SEAL OF PASCO COUNTY HEALTH DEPARTMENT IS AFFIXED.

April 4, 1984
DATE

Mildred P. Sprigg
MILDRED P. SPRIGG
CHIEF DEPUTY REGISTRAR

58

Subject :  *Results of check for BURNS, KEVIN L (70SX15000000000002094)*

===============
** This Florida Criminal History records contains a juvenile arrest. **
================================================================
=============================== IDENTITY SECTION ===============================
State ID
04655395

FBI Number          DOC Number
428072HB1           R26329

=============================== DEMOGRAPHICS ===============================
Name              Date of Birth      Social Security Number
BURNS, KEVIN LEE   03/26/1984          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

Sex              Race               Place of Birth
Male             White              Florida

Height           Weight             Ethnicity
6' 04"           230 lbs

Hair Color       Eye Color
Brown            Hazel

Other Name(s)
BURNS, KEVIN
BURNS, KEVIN L

Other Date(s) of Birth   Other Social Security Number(s)
                         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

Address
1514 FLORIDA AV N, TAMPA, Florida

Scars Marks Tattoos
SC L WRIST
SC R KNEE

=============================== Cycle 1 ===============================

OBTS             0007136777
Arrest

Date of Arrest       11/29/1997
Charge               001
Arresting Agency ORI  FL0510300
Arresting Agency Name  Zephyrhills Police Department
AON Description       Larc

Statute          Level              Degree
812.014          Misdemeanor        Unknown

*[Handwritten annotations:]*
*The Police do not have my birth name but the Judge stated in hearing that he thought I was going back to birth name (NEVER,*
*← (arrow pointing to Other Name(s) section)*
*→ Po box SSS, old Town, FLA 32680 (arrow pointing to Address)*

*57*

AO 85 (Rev. 01/09) Notice,

## HOW WE FIGURED KEVIN L. BURNS' PAYMENT FOR January 2017 ON

### His Payment Amount

| | |
|---|---|
| The most SSI money the law allows us to pay | $735.00 |
| We didn't subtract (-) any income from SSI money | − 0.00 |

**Total Monthly SSI Payment**
**for January 2017 on**                                    $735.00

/s/ *Gregory J. Froehlich*

Gregory J. Froehlich
Administrative Law Judge

November 25, 2019
Date

Kevin L. Burns (0710)                                    Page 2 of 8

that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.

If the claimant is under a disability and there is medical evidence of a substance use disorder(s), there is an additional issue as to whether the substance use disorder(s) is a contributing factor material to the determination of disability under section 1614(a)(3)(j) of the Social Security Act. If so, the individual is not under a disability.

**CONCLUSION**

After careful review of the entire record, the undersigned finds that the claimant has been disabled from February 28, 2013, through the date of this decision. *That is the date I was to be Released from my false imprison. a date that is Based upon No medical evidence or opinion*

*59*

*/s/ Glen H. Watkins*

Glen H. Watkins
Administrative Law Judge



## SOCIAL SECURITY ADMINISTRATION

Date: April 17, 2015

## Notice of Decision – Fully Favorable

I carefully reviewed the facts of your case and made the enclosed fully favorable decision. Please read this notice and my decision.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

After careful consideration of the entire record, the undersigned makes the following findings:

**1.    The claimant has not engaged in substantial gainful activity since February 28, 2013, the amended alleged onset date (20 CFR 416.920(b) and 416.971 *et seq.*).**

The claimant worked after the established disability onset date, but this work activity did not rise to the level of substantial gainful activity.  Specifically, the claimant's certified earnings record shows no earnings after 2006 (Exhibit 11D).  However, a "New Hire, Wage Info" query shows that the claimant was paid wages of $137.00 in the second quarter of 2014 by Jordan Nicholas Elliot, Inc., Papa John's Pizza (Exhibit 10D).  Therefore, the undersigned finds that the claimant

# Social Security Administration
# **Supplemental Security Income**
Important Information

SOCIAL SECURITY
36630 ADAIR ROAD
DADE CITY FL 33525

Date:  July 22, 2025
BNC#:  25S1109B92585 DI

0001838 00008016     1 MB  0.672  SN6LNA T41 P3
SSI M02 07/15 A98 25S1109B92585
KEVIN LEE BURNS   Po Box 2101, St Leo, Fla 33574

IS WHAT THE GOVERNMENT ALLOWS ME KAIN to FEED, house, cloth, INSURE AND ENTERTAIN MYSELY

**Total Monthly SSI Payment**
**for November 2016 through December 2016**         $733.00    60

Your current monthly Supplemental Security Income (SSI) payment is $967.00 for August 2025.  You will continue to get this amount each month unless there is a change in the information we use to figure your payment.

FILED

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

2019 FEB 13  PM 5: 19

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

**KEVIN LEE BURNS,**

**PLAINTIFF,**

**VS.**                                    **CASE NO.: 318-CV-1163-J-39JRK**

**NANCY ANN BERRYHILL,** Acting commissioner for S.S.a,

**D. PEAKE,** Medical disability Adjudicator,

**JUDGE GLEN H. WATKINS,** Administrative law Judge,

**JUDGE CARL E. ALEXIS,** S.S.a Administrative Appeals Judge;

## SECOND AMENDED CIVIL RIGHTS COMPLAINT

### (AND)

### MOTION FOR EXSTENTION OF TIME

### AND/OR

### REQUEST  FOR APPOINTMENT OF REPERANTATION AND/ OR COUNSEL

1) Jury trial is **REQUESTED.**
2) Damages Demanded **49,301**

### BASIS FOR JURISDICTION

3)  Under 42 U.S.C ss 1983 you may sue state or local officials for the "Deprivation of any rights, privileges, or immunities secured by the constitution" and federal law. Under bivens v. six unknown named agents of the federal bureau of narcotics, 403 U.S. 388 (1971). You may sue federal officials for the violation of certain constitutional rights. The

6/



# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

**KEVIN LEE BURNS,**

**Plaintiff,**


**v.**                                    Case No.: 8:13 CV1240 (17 784

                                              **(TO BE ASSIGNED)**

**JOANNE BARNHART,**

**Commissioner of the**

**SOCIAL SECURITY**

**ADMINISTRATION,**

**Defendant,**


# EMERGENCY PETITION FOR WRIT OF

# MANDAMUS

COMES NOW, The plaintiff KEVIN LEE BURNS, PRO-SO and respectfully moves this MOST HONORABLE COURT for a Writ of Mandamus. A Mandamus is the proper remedy to Compel the Defendant to perform there ministerial duty's.

A

62

USCA11 Case: 22-11181    Date Filed: 08/15/2022    Page: 1 of 1

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 22-11181-AA

KEVIN BURNS,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Florida

ORDER:

Kevin Burns's motion for appointment of counsel is GRANTED. Counsel shall be appointed by separate order.

/s/ Charles R. Wilson
UNITED STATES CIRCUIT JUDGE



I again ask this court to appoint effective pro bono counsel once again  to resolve this matter quickly and effectively under the rule of law since I have clearly shown within this petition that both the state and the federal government have attack a mentally disabled person and assigned counsel to cover it up several times.


Relief sought: counsel be appoint and add using ai the correct case law needed to award benefits and over turn wrongful convictions and evictions.

64

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 21, 2023

Kevin Burns
PO BOX 555
OLD TOWN, FL 32680

Appeal Number: 22-11181-AA
Case Style: Kevin Burns v. Commissioner, Social Security Administration
District Court Docket No: 4:20-cv-00541-WS-HTC

Notice of receipt: Motion to Prosecute State Agency as to Appellant Kevin Burns. NO ACTION
WILL BE TAKEN. Appellant is represented by counsel.

Clerk's Office Phone Numbers
General Information:              404-335-6100      Attorney Admissions: 404-335-6122
New / Before Briefing Cases:     404-335-6135      Capital Cases:        404-335-6200
Cases in Briefing / After Opinion: 404-335-6130    CM/ECF Help Desk: 404-335-6125
Cases Set for Oral Argument:     404-335-6141

When I ASKED FOR DIFFerent
Effective Counsel and they
Says NO

Case manganer                     TONYA SEARCY
                                  Core adjintistone
        MAGA
        Qurt

65

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 21, 2023

Kevin Burns
PO BOX 555
OLD TOWN, FL 32680

Appeal Number: 22-11181-AA
Case Style: Kevin Burns v. Commissioner, Social Security Administration
District Court Docket No: 4:20-cv-00541-WS-HTC

## NO ACTION / DEFICIENCY NOTICE

Notice of receipt: Notice of Rehearing and/or Appeal as to Appellant Kevin Burns. NO ACTION WILL BE TAKEN because it does not comply with this Court's rules on Certificates of Interested Persons and Corporate Disclosure Statements.

**No deadlines will be extended** as a result of your deficient filing.

Certificate of Interested Persons and Corporate Disclosure Statement ("CIP")

You failed to comply with the CIP rules by:

* not including a CIP in your filing. See 11th Cir. R. 26.1-1(a)(1).

### ACTION REQUIRED

For motions for reconsideration or petitions for rehearing that are not permitted, no action is required or permitted. Your filing will not be considered.

For mistaken filings, to have your document considered, **you must file the document in the correct court.**

For all other deficiencies, to have your document considered, you **must refile the entire document** after all the deficiencies identified above have been corrected and you must include

66

1 of 22

P

# 11th CIRCUIT COURT OF APPEALS

N

APPEAL No. 22-11181-AA
FROM CASE No. 4:20-CV-541-WS-HTC

KEVIN BURNS    VS    SSA

# NOTICE OF REHEARING

## AND/OR

# APPEAL

DUE TO APPOINTED "INEFFECTIVE"

COUNSEL THAT FAILED TO STATE:

1) This case begain actually on 9/27/18
with case No. 3:18-cv-01163

2) The STATE COURT found ME TO BE
Scizo in 2007 (SEE NEXT PAGES)

3) BEFORE PUTTING ME IN PRISON  67

3

07/01/2004

My copy

M

Has the individual performed work after the Alleged Onset Date(AOD)?
No

Has any period(s) of work been determined to be an unsuccessful work attempt, or involved
subsidies/special conditions, impairment-related work expenses, or other technical issue(s)?
No

## EVIDENCE OF RECORD

O

.owing reconsideration evidence has been received

| Source of Evidence | ACE AGENCY FOR COMMUNITY EMPOWERMENT |
|---|---|
| EF Received | 11/15/2018 |
| Medical Opinion | No |
| Evidence Type | MER |
| Level | Reconsideration |

| Source of Evidence | PREMIER COMMUNITY HEALTHCARE |
|---|---|
| EF Received | 11/15/2018 |
| Medical Opinion | No |
| Evidence Type | MER |
| Level | Reconsideration |

TO RECORDS KEEPIN WHEN Looking at the SS CAIEPLE

Criminal lies

| Source of Evidence | DEPARTMENT OF CORRECTIONS |
|---|---|
| EF Received | 11/15/2018 |
| Medical Opinion | No |
| Evidence Type | MER |
| Level | Reconsideration |

Criminal lies

| Source of Evidence | PREMIER COMMUNITY HEALTHCARE |
|---|---|
| EF Received | 11/08/2018 |
| Medical Opinion | No |
| Evidence Type | MER |
| Level | Reconsideration |

Criminal lies

| Source of Evidence | DDS TAMPA FL |
|---|---|
| EF Received | 11/08/2018 |
| Medical Opinion | No |

Criminal lies lee

68

2    Thomas Conger Ph.D. (38)   09/17/2018    

My Copy

## ADULT MEDICAL DISPOSITION

Insufficient Evidence – There is insufficient evidence to evaluate the claim.

# ASSESSMENT OF POLICY ISSUES

## SYMPTOMS EVALUATION

This section has not been completed for this claim.

## EVALUATING MEDICAL OPINIONS

There is no indication that there is a medical opinion from any medical source.    

# RESIDUAL FUNCTIONAL CAPACITY

## MENTAL RESIDUAL FUNCTIONAL CAPACITY ASSESSMENT

### MRFC1

Indicate whether this Mental Residual Functional Capacity (MRFC) assessment is for:
   Other Period(s):  03/20/2002 – 03/19/2006

## MC/PC Signature

   James A. Brown, Ph.D (38)   11/19/2018

Insufficient Evidence – There is insufficient evidence to evaluate the claim.

# ASSESSMENT OF POLICY ISSUES

## SYMPTOMS EVALUATION

This section has not been completed for this claim.

## EVALUATING MEDICAL OPINIONS

There is no indication that there is a medical opinion from a

69

_Dr Hunter for sutures_
_here in police custody_
_RB_
_28_

| IMMUNIZATIONS CHILDHOOD | TETANUS | PEDIATRIC WEIGHT | HEAD CIRCUMFERENCE | VISUAL ACUITY R    L |
|---|---|---|---|---|

UTD | NUTD | UTD | NUTD

1918 — O/c instructor
to police — 16.

### TRIAGE NOTES

Pt on "acid" and other
substances

Nurse's Signature _Michela_

Clinical Signs / Symptoms Suggest TB: ☐ Yes ☒ No, if yes
TB Exposure Control Plan Implemented: ☐ Yes ☒ No

LOCAL DOCTOR

**Associated Symptoms:**
☐ Abdominal Pain
☐ Chest Pain
☐ Cough
☐ Diaphoresis
☐ Diarrhea
☐ Fever
☐ Headache
☐ LOC
☐ Nausea
☐ Vomiting
☐ Rash
☐ SOB
☐ Slurred Speech
☐ Sore Throat
☐ Weakness

ALLERGIES ∅

Ht 6'4" Stated Wt 200
GYN
LMP ___ G ___ P ___ A ___
EDC ___
Birth Control ___
___ vaginal bleeding/discharge
Color ___ Amt ___

Pain Location ___
Onset ___
Severity 1 2 3 4 5 6 7 8 9 10
Character ___ Duration ___
Mech of Inj. ___

Past Medical History: ___ None ___ HBP ___ CV ___ DM ___ Resp.
___ Seizure ___ Asthma ___ Cancer ___ Other ___
Surgery ___ Appy ___ GB ___ Hysterectomy ___ Hernia ___ CABG
___ Tonsil ___ Other ___

Social History:
___ non-smoker ___ Alcohol ___ Quit Smoking ___ smoker ___ pks/day
___ Other Tobacco ___ Illicit drug

Family History: ___ Cardiac ___ Cancer ___ Diabetes
Is there anyone in your life that has hit you, hurt you or made you feel
afraid? ☐ NO ☐ YES, Action ___

CURRENT MEDS ___

### NURSE'S NOTES

1904 — Pt c̄ lac to (L)
wrist — had nausea
and "acid" while doing

INVESTIGATING OFFICER ___ DEPT. ___ BADGE #

DISCHARGE TIME ☐ AM ☐ W/C
1920 ☒ PM ☒ WALK

DIC INSTRUCTION REVIEWED & PT/SO. _yes_   INITIAL _RB_

See EC Trauma Sheet ☐

### TREATMENT and MEDICATIONS

Order Time
TD — 1907 → RB

BD₂ → Done
Beta
#2 Staples
Baci
Dressing 1913
RB

### ORTHOPEDIC TREATMENTS

☐ SLING R/L          ☐ FINGER SPLINT     ☐ AIR STIRRUP
☐ WRIST SPLINT R/L   ☐ ACE BANDAGE
☐ ARM IMMOBILIZER R/L ☐ RIB BELT
☐ KNEE IMMOBILIZER R/L ☐ CERVICAL COLLAR
☐ CAST SHOE R/L      ☐ CRUTCHES
☐ OCL SPLINT ___     ☐ CLAVICLE STRAP

NURSING ASSESSMENT AND RX REVIEWED BY PHYSICIAN

PHYSICIAN'S SIGNATURE

### DISCHARGE INFORMATION

CALL AS SOON AS POSSIBLE TO MAKE AN APPOINTMENT TO SEE
DR. _Caselnova_ IN 2 DAYS OR ___ IF NEEDED.
RETURN TO EMERGENCY CENTER IN 2 DAYS FOR REEXAMINATION
YOU HAVE _2_ STITCHES THESE SHOULD BE REMOVED IN 8 DAYS.
___ HEAD INJURY INSTRUCTIONS.

WORK/SCHOOL/PE RELEASE
MAY RETURN TO WORK/SCHOOL ON ___ / ___ / ___
LIMITATIONS: ___
___ TAKE XRAYS TO FOLLOW-UP APPOINTMENT.
SPECIAL INSTRUCTIONS: _covered, clean, Dry_

70

| TIME TO ROOM ☐ AM ☐ PM | INITIAL | ☐ W/C ☐ STRETCHER | REPORT CALLED TO | ROOM NO. |
|---|---|---|---|---|

DATE:  06/20/06
NAME:  BURNS, KEVIN

PAGE 2 OF 3
CASE # 305595

MEDICAL HISTORY: ~~None.~~

NUTRITIONAL: ~~None~~.

SURGERY:  None.

SERIOUS ACCIDENTS: ~~None~~

LAST MENSTRUAL PERIOD:

CURRENT MEDICATIONS:  None.

ALLERGIES:  No known allergies.

LEGAL:  None.

LAST PHYSICAL EXAM:

MINI MENTAL STATUS EXAM:

COMPREHENSIVE MENTAL STATUS EXAMINATION:
1.  **Appearance** -  The patient looks the stated age. Dressed appropriately with fair hygiene.
2.  **Motor Behavior** -  Calm.
3.  **General Attitude and Behavior** -  Open and motivated.
4.  **Mood and Affect** -  Mood depressed. Affect congruent with mood.
5.  **Anxiety** -  Mild.
6.  **Quality, Content of Speech and Thought** -  Mostly organized, relevant and coherent.
7.  **Perceptions** -  Auditory hallucinations at this time.
8.  **Sensorium** - The patient is alert and oriented to person, place, time and situation.
9.  **Cognitive Functioning** - Abstract and concrete thinking processes fair. Estimate of intelligence average. Judgement impaired at times. Insight, fair. Recent and remote memory intact.
10. **Immediate Potential for Suicide, Homicide, Violence** -  None at this time.
11. **Dominant Character Structure** -

CLINICAL IMPRESSIONS/RECOMMENDATIONS:

    **AXIS I:**   Bipolar, depressed.

    **AXIS II:**  Deferred.

    **AXIS III:** Deferred.

31

- 71

Then, in mid-October 2006, Claimant returned to Premier and reported he moved to Dade City with old friends (Tr. 509, 1408). He reported drinking alcohol daily and 45 days of consecutive marijuana use before stopping (Tr. 509, 1408). But he also reported he had worked for three weeks before getting back with his old business partners (Tr. 509, 1408).

c. *The State agency consultants' prior administrative medical findings*

In in September and November 2018, respectively, State agency psychological consultants, Thomas Conger, Ph.D., and James A. Brown, Ph.D., reviewed the available evidence and opined that Claimant had no limitations in the ability to understand, remember, or apply information; only mild limitations in interacting with others, moderate limitations in concentration, persistence and

*While in possession of 1000s of pages to review*

pace, and no limitations in the ability to adapt or manage himself (Tr. 111-12, 127-28). Both psychological consultants determined Claimant was moderately limited in the ability to maintain attention and concentration for extended periods but could perform routine tasks on a sustained basis (Tr. 113-14, 129-30).

3. *Vocational Expert Testimony*

During the administrative hearing, the ALJ asked the vocational expert (VE) if a hypothetical individual with Claimant's age, education, and work experience (vocational profile) and all limitations eventually included in his residual functional capacity (RFC) finding could perform work (Tr. 56-57). The VE

720

# RICHARD A. CARPENTER, Ph.D.

## FORENSIC PSYCHOLOGY

3750 Gunn Highway, Suite 109 • Tampa, Florida 33618-8905 • (813) 265-9616 • Fax (813) 265-9503
Licensed Psychologist: Florida PY0003404

## CONFIDENTIAL FORENSIC EVALUATION

**NAME OF DEFENDANT**: Kevin Lee Burns

**DATE OF BIRTH**: 02/26/84

**CHRONOLOGICAL AGE**: 23-5

**CASE#/DIVISION**: CRC0102628CFAES;    CRC0102631CFAES;    CRC0102633CFAES;
CRC0102634CFAES; CRC0102635CFAES; CRC0102636CFAES

**DATE OF EVALUATION**: 08/23/07

**SUMMARY**:  *This 23 year old male was referred to this examiner for the purpose of conducting a confidential forensic evaluation. He was diagnosed with Axis I: Schizoaffective Disorder, Depressive Type; Polysubstance Dependence; Axis II: Personality Disorder, NOS, with Borderline Features. The defendant was found to be COMPETENT to proceed. It was also felt that he DOES MEET the criteria for admission to a dual diagnosis program. Further details contained herein.*

NEVER WAS RAISED BY PROVIDED STATE /
DEFENCE 11th CIR APPOINTED COUNSEL, WHO
AlSO COULD NOT BE FIRED OR REPLACED

Exhibit (A)

73

First
# BAKER ACT COMMITMENT

D-17

East Pasco Medical Center Emergency Department
7050 Gall Blvd, Zephyrhills, FL 33541  (813)783-6112
Aftercare Instructions

For KEVIN BURNS, Saturday, May 19, 2001, 7:10 pm

Patient ID: 725979
Patient Name: Kevin Burns
17 year old white male
MODE OF ARRIVAL: Patient was brought to the Emergency Department by police. The patient's condition upon arrival was stable.
Time Seen by clinician: at 7:00 pm.

CHIEF COMPLAINT:
  wrist laceration.

Police state patient has a laceration on the left volar wrist. Laceration was caused by a knife for approximately 1 hour prior to arrival. Patient denies any neurovascular deficits. A
Td was given today. He took a hit of "biollar acid" earlier in the day, and he did this- He now denies any intention of harming himself, and doesn't know why he did this. He denies any alcohol use, and no ingestion of drugs. He is in police custody.

| ALLERGIES/ REACTIONS | | | PEDIATRIC WEIGHT | HEAD CIRCUMFERENCE | VISUAL ACUITY | | 1918 = O/c ex du i bo u |
|---|---|---|---|---|---|---|---|
| UTD | NUTD | UTD | NUTD | | | R      L | to Job      ks |
| | | | TRIAGE NOTES | | | | |

IN KEID AND OTHER (IELBACK)

Call your doctor if you have:
- increased redness, swelling or pain.
- pus, drainage or red streaks from your wound.
- fever.

3 staples

✓ in 2 days

Out in 8 days

AS ALWAYS, YOU ARE THE MOST IMPORTANT FACTOR IN YOUR RECOVERY. Please follow the instructions above carefully. Take your medicine as prescribed. Rest important. See a doctor again as discussed. If you have problems that we have not discussed, CALL OR VISIT YOUR DOCTOR RIGHT AWAY.

Keep clean + dry

If you can't reach your doctor, return to the Emergency Department.

74

If understand the written and discussed instructions. My questions have been answered.

Police    Page 252

EXHIBIT NO. B26E
PAGE 1 OF 2

## GIBNEY LAW

L. Jack Gibney, Esquire    Registered Patent Attorney
Jack@GibneyLaw.com    Admitted in Florida and Georgia

June 22, 2020

**EFILE**
Honorable Gregory Froehlich
Jacksonville ODAR

RE:    **KEVIN BURNS**
SSN: ~~XXXXXXXXX~~

### REPRESENTATIVE BRIEF

Dear Judge Froehlich:

Please be advised I represent the undersigned, Kevin Burns, concerning his claim for Social Security Disability, as well as adult child benefits. A hearing is scheduled before Your Honor on June 25, 2020.

This case has a complicated procedural history.

On April 17, 2015, a fully favorable decision was issued by the Honorable Glen Watkins, an Administrative Law Judge, after a hearing on April 14, 2015. At that time, the Claimant had amended the alleged onset date of disability to February 28, 2013 and dismissed the Title II application. The decision that was rendered on April 17, 2015 addressed his application for Supplemental Security Income only because the Title II claim had been dismissed.

In the April, 2015 decision, the ALJ determined that the Claimant had the following "severe" impairments: schizoaffective disorder and personality disorder. Your Honor issued an unfavorable decision on November 25, 2019, indicating that the Claimant was no longer disabled effective September 17, 2018. In that decision Your Honor determined that the Claimant had the following "severe" impairments: degenerative disc disease, osteoarthritis, PTSD, and bipolar disorder.

This decision was appealed to the Appeals Council, which remanded the case. The remand was necessitated because an application for Title II benefits for child disability benefits was filed on August 16, 2018 alleging an onset of disability on July 1, 2004 but has never been adjudicated. Your Honor's decision in 2019 evaluated whether the Claimant was still disabled using the medical improvement standard, but addressed the Title II rather than the Title XVI application, which was approved in the April 2015 decision. The Appeals Council has indicated that the Title II child disability benefits application should be adjudicated.

Honorable Gregory Froehlich
RE: Kevin Burns
June 22, 2020
Page Two

In the child disability benefit application, he alleged disability beginning on July 1, 2004; he was 20 years old (DOB: 3/26/84). He was alleging disability based on schizoaffective disorder, psychotic disorder, specific learning disability, bipolar, and PTSD. (Exhibit 2A, 2)

On May 20, 2001, the Claimant was Baker Acted when attempted suicide by cutting his wrists. (Exhibit 1F) During the relevant time period before his 22nd birthday, he was prescribed Wellbutrin (Exhibit 2F, page 9), Risperdal (Exhibit 2F, page 7) and Seroquel (Exhibit 2F, page 6). The diagnoses during that time was psychotic disorder, depressive disorder, polysubstance dependence, and knee pain secondary to trauma.

He was treated by Premier Community HealthCare Group during the time period in question. An assessment by Premier Community HealthCare Group indicated that he was still suffering from psychotic disorder, depressive disorder, and polysubstance dependence in partial remission. (Exhibit 2F, page 17)

In an assessment form signed on May 20, 2001 by Dr. John Femanella, the Axis I diagnosis was oppositional defiant disorder and he had a GAF score of 50, which indicates serious mental health issues. (Exhibit 6F, page 3) He was interviewed by Mr. Femanella at the Pasco County Juvenile Detention Center after the Baker Act admission on May 20, 2001. On May 29, 2001, his GAF score was 35, according to Lee Richardson. (Exhibit 6F, page 10)

He underwent a comprehensive mental status examination on June 20, 2006 expressing suicidal ideation with a plan. By history the claimant had a prior suicide attempt when he was 15 years old. (Exhibit 6F, pages 11-13) His GAF score at that time was 40.

The undersigned contends that the claimant did not possess even a sedentary residual functional capacity because of his ongoing mental health impairments and was disabled on the adult child benefit claim.

Sincerely,

L. Jack Gibney

LJG/act
cc: Kevin Burns

---

**Law Office of L. Jack Gibney | Social Security · Workers' Compensation**    **492**
8777 San Jose Boulevard, Suite 502, Jacksonville, Florida 32217 | Ph: (904) 443-7770 | Fax: (904) 443-7769 | GibneyLaw.com

76



My Copy
Exhibit # B27F
page 15 of 26

2-11-2019

Re: Kevin Burns
DOB: 03/26/1984

To Whom It May Concern:

Kevin Burns was evaluated by Dr. Marlene Hart back in January 30, 2006. Patient from records was in prison from 2006 to 2012. Patient was seen 10/11/2012 by Dr. Hart for new intake following release from prison. His diagnosis in 2006 of Psychotic Disorder and in 2012 with Bipolar Schizoaffective

If there are any further questions regarding this patient, please do not hesitate to call me  (352) 518-2000.

Sincerely,

Rhonda Cameron PHD

Telephone (352) 518-2000                    Fax (352)567-0218

☐ New Port Richey Family Health Center * 2114 Seven Springs Blvd., New Port Richey, FL 34655
☐ Spring Hill Family Health * 7551 Forest Oaks Blvd, Spring Hill, Fl 34606
☐ Brooksville Family Health * 300 S. Main St, Brooksville, Fl 34601
☐ Zephyrhills Family Health Center * 37920 Medical Arts Court, Zephyrhills, FL 33541
☒ Behavioral Health Center * 37944 Pasco Avenue, Dade City, FL 33525
☐ Women's Health Center *38030 Daughtery Rd., Zephyrhills, FL 33540
☐ Hudson Family Health Center * 11611 Denton Avenue, Hudson, FL 34667
☐ Lacoochee Family Health Center * 38724 Mudcat Grant Blvd., Lacoochee, FL 33523
☐ Dade City Family Health Center* 14027 5th Street, Dade City, FL 33525
☐ Dade City Dental Center * 37944 Church Avenue, Dade City, FL 33525

77



**EXHIBIT NO. B27F**
**PAGE: 16 OF 26**

2-11-2019

Re: Kevin Burns
DOB: 03/26/1984

To Whom It May Concern:

Kevin Burns was a patient in our facility.  There is no recollection in our systems that any records release was requested in the year 2012.

If there are any further questions regarding this patient, please do not hesitate to call me  (352) 518-2000.

Sincerely,

Karen Rodriguez
Office Manager, BH

Telephone (352) 518-2000                    Fax (352)567-0218

☐ New Port Richey Family Health Center * 2114 Seven Springs Blvd.,  New Port Richey, FL 34655
☐ Spring Hill Family Health * 7551 Forest Oaks Blvd, Spring Hill, Fl 34606
☐ Brooksville Family Health * 300 S. Main St. Brooksville, Fl 34601
☐ Zephyrhills Family Health Center * 37920 Medical Arts Court, Zephyrhills, FL 33541
☒ Behavioral Health Center * 37944 Pasco Avenue, Dade City, FL 33525
☐ Women's Health Center *38030 Daughtery Rd., Zephyrhills, FL 33540
☐ Hudson Family Health Center * 11611 Denton Avenue, Hudson, FL 34667
☐ Lacoochee Family Health Center * 38724 Mudcat Grant Blvd., Lacoochee, FL 33523
☐ Dade City Family Health Center* 14027 5th Street, Dade City, FL 33525
☐ Dade City Dental Center * 37944 Church Avenue, Dade City, FL 33525

78

**REPORT OF CONTACT**
*(Use Ink or typewriter)*

TO:

| NE | MAT | SE | GL | WN | MAM |
|----|-----|-----|-----|-----|-----|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| | ODO | OIO | DDS | | |
| | ☐ | ☐ | ☒ | | |

ACCOUNT NUMBER AND SYMBOL

NAME OF WAGE EARNER OR SE PERSON

BURNS, KEVIN LEE

PERSON(S) CONTACTED AND ADDRESSES  ☐ WE OR SE PERSON  ☐ OTHER (Specify)

Verification of treatment dates

CONTACT MADE:
☐ DO ☐ BO ☐ CS ☐ HOME ☒ PHONE: 352-518-2000  ☒ OTHER  904-600-9835

DATE OF CONTACT: 09/14/2018

**SUBJECT**

Spoke to medical records at Premier Community Health Care Group, 352-518-2000 who stated that clmt, Kevin Burns, was not seen or treated at this facility during the CDBR period of 2002-2006.

No records returned from Florida Hospital Tampa for the CDBR period 2002-2006.

Ace Agency for Community Empowerment states that this facility does not hold records as far back as 2006. Verified that there are no records for clmt during 2002-2006 time period.

**REPORT OF CONTACT**
*(Use Ink or typewriter)*

TO:

| NE | MAT | SE | GL | WN | MAM |
|----|-----|-----|-----|-----|-----|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| | ODO | OIO | DDS | | |
| | ☐ | ☐ | ☒ | | |

ACCOUNT NUMBER AND SYMBOL

NAME OF WAGE EARNER OR SE PERSON

BURNS, KEVIN LEE

PERSON(S) CONTACTED AND ADDRESSES  ☐ WE OR SE PERSON  ☐ OTHER (Specify)

SPECIAL S

CONTACT MADE:
☐ DO ☐ BO ☐ CS ☐ HOME ☐ PHONE:       ☐ OTHER

DATE OF CONTACT: 09/05/2018

SUBJECT Suicide flag per internal DDS memo PM 06-03, the attached case shall be flagged for suicide / homicide potential due to statements made by the claimant or information contained within the medical record indicating that the claimant is currently or has in the past threatened to engage in homicidal or suicidal behavior.

Therefore, the case has been flagged "Special S" and shall be locked before closure and forwarded for review to ensure adherence to policy.

SIGNATURE
*Dianna Peake*

DISTRICT OFFICE (Name, Address & Code)
FOR PCLA SOCIAL SECURITY ADMIN
V31 DISABILITY DETERMINATIONS
PO BOX 9860
PENSACOLA, FL 32513-9860

☐ CR ☐ FR ☐ SR ☐ CLAIMS CLERICAL
☐ OTHER (Specify)

DATE OF REPORT: 09/19/2018

PAGE 1 OF 1

Form SSA-5002 (8-1981) ef (12-2004)

79

**COGNITIVE**
_X_Alert oriented x4
Memory- World- d row (caught own mistake) 3/ 3 immediate, 3/ 3 at 3 minutes

**PERCEPTION** + paranoia, denies A/V hallucinations

**SUICIDAL IDEATION** has thoughts of stabbing himself in the jugular so he can find the right place when someone looks at him. Doesn't due to 'reality and moral judgment, I don't want to do it" Last thoughts were last week

**HOMICIDAL IDEATION** thinks of hurting people in his head

**VIOLENCE** denies

**DIAGNOSES**    **AXIS I:** Psychotic Disorder, NOS
R/O Likely Substance Induced Psychosis
Polysubstance Dependence- partial Remission
**AXIS II:** deferred
**AXIS III:** none
**AXIS IV:** Moderate: substance abuse, adopted
**AXIS V:** 50-51

**Strengths:** Owns own business, healthy

**PLAN:**

(1) Return in   _X_ 1 mo __ 2 mos __ 3 mos __wks __PRN

(2)MEDS  Begin Risperdal 1 mg po qhs
        May consider addition of antidepressant (Wellbutrin) at next visit

(3) Education given on __X_diagnosis _X_ Medication Risk/Benefits and side effects

(4) Referrals  __Therapy  __G Salas, LCSW  __RCameron, PhD  __FMHI Psychology Intern __Voc Rehab __PCP
__AA/NA
__Other

Signature: _____    Date: 1-30-06
          Felicia Soal, BSW Intern

Signature _____    Date: 1/30/06
         Marlene P Hand MD, MPH

__ Soft, whispering, silent                    __Panic Disorder w/ w/o Agoraphobia
__ Latency of responses          __ PTSD
__ Dysarticulation               _1_Other Dx  PSYCHOTIC DISORDER, NOS
__ Slow, deliberate

**AFFECT**                       **PLAN:**
Mood _x_ Congruent __ Incongruent   (1) Return in  1 Wk
Range _x_ Good __ Fair __Narrow     (2)MEDS.
__ Constricted __Blunted __ Flat

**MOOD**                         (3) Education given on ___diagnosis ___Medication Risk/Benefits and side effects
Dysphoric
                                 (4) Referrals __Therapy __G Salas, LCSW __R Cameron, PhD __F Seal, BSW
**THOUGHT CONTENT**              __FMHI Psychology Intern __Voc Rehab __PCP __AA/NA __ Other.
_x_Goal directed, relevant,
Coherent, logical, organized
                                 SIGNATURE: _____ DATE: 1/1/06
**COGNITIVE**                    FELICIA SEAL, BSW, MSW INTERN
_x_Alert oriented
_x_Memory intact
__ Attention/Concentration

80

**EXHIBIT NO. B9F**
**PAGE 169 OF 513**

Smart Document Solutions (SDS)
P O Box 409822
Atlanta, GA 30384-9822
Fed Tax ID 58 - 2659941
(770) 754 - 6000

| Date |
|------|
| 12/06/2007 |
| Request ID # |
| 0044281421 |

**Requested By:** PASCO CTY DETENTION
**Patient Name:** BURNE KEVIN
**SSN:** 590260710
**DOB:** 032684

Ship to.

PASCO CTY DETENTION
PASCO CTY DETENTION
20101 CENTRAL BLVD
LAND O LAKES, FL 34637

Records from:

PREMIER COMMUNITY HEALTHCARE
14027 5TH AVENUE
DADE CITY, FL 33525

# This is **NOT** a bill !

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SDS
P.O  Box 1813
Alpharetta, GA 30023-1812
Attn:  Marketing

SDS processes thousands of requests for health information
at over 6 500 health care facilities nationwide
If you would like to learn more about SDS or how our services
can benefit your facility, please visit our website at
www.sdshealth.com or email us at marketing@sdshealth.com

Your Name _____

Title _____

Facility Name _____

Phone Number ( ____ ) _____

Address _____

_____

City _____   State ____  Zip ____

# of Physicians _____   Specialty _____

# of Beds _____   # of Admits _____

**863**

**EXHIBIT NO. B9F**
**PAGE: 170 OF 513**

## PREMI⊘ COMMUNITY HEALTHCARE G⊘UP, INC.
### BEHAVIORAL HEALTH
### MEDICATION LOG AND CHRONIC PROBLEMS LIST

Name **Kevin Burns**    DOB **3/26/84**    Allergies **NKDA**

Pharmacy _____    Phone _____    Insurance **SSA**

| PSYCHIATRIC MEDICATIONS | I C Signed | Date 1/30/06 | Date 2/14/06 | Date 4/5/06 | Date 9/9/06 | Date | Date |
|---|---|---|---|---|---|---|---|
| Risperdol 1 mg po q hs | 1/30/06 | #28 | D/C | | | | |
| ↑ Risperdol 1mg↑po qAM + qHS | 1/30/06 | / | #28 | | | | |
| ↑ Wellbutrin XL 150mg q 10gAM | | | 40b qq qAD B | | | | |
| ↑ Risperdol 2 mg po BID | | | | | | | |
| Seroquel 25 mg po qPM x 4 | | #12 | | #32 9/8 | DIC | | |
| then 50mg po qPM | | #4 | | | DC | | |
| ↑ Seroquel 100mg po qhs | | | | | samples | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| CHRONIC PROBLEM LIST | OTHER MEDICAL MEDICATIONS |
|---|---|
| Psychiatric Disorder | none |
| Depressive Disorder | 3/1/06 Vicodin PRN for knee |
| Polysubstance Dependence | |
| Knee pain 2° trauma (screws + steel placed) | |

| HERBAL AND NUTRITIONAL SUPPLEMENTS | OVER THE COUNTER OR PRN MEDICATION |
|---|---|
| ∅ | ∅ |

**864**

82

## PREMIER COMMUNITY HEALTHCARE GROUP
### BEHAVIORAL HEALTH
### MEDICATION LOG AND CHRONIC PROBLEMS

**EXHIBIT NO. B9F**
**PAGE: 170 OF 513**

Name _Kevin Burns_   DOB _3/26/84_   Allergies _NKDA_

Pharmacy _____ Phone _____ Insurance _SSA_

| PSYCHIATRIC MEDICATIONS | I C Signed | Date 1/30/06 | Date 2-14-06 | Date 4/5/06 | Date 6/9/06 | Date | Date |
|---|---|---|---|---|---|---|---|
| Risperdol 1mg po q bed | 1/30/06 | #28 | D/C | | | | |
| ↑ Risperdol 1mg po qAm + qHS | 1/30/06 | / | #28 | Dc | | | |
| Wellbutrin XL 150mg 9:00 AM | | | 4/6/06 DCd B | DIC | | | |
| ↑ Risperdol 2 mg po BID | | | | | D/C | | |
| Seroquel 25 mg po qPM x 4 | | #12 | | #32 2cm8 | DIC | | |
| then 50mg po qPM | | #4 | | | Dc | | |
| ↑ Seroquel 100mg po qHS | | | | | Samples | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| CHRONIC PROBLEM LIST | OTHER MEDICAL MEDICATIONS |
|---|---|
| Psychotic Disorder | None |
| Depressive Disorder | 3/1/06 Vicodin PRN for knee |
| Polysubstance Dependence | |
| Knee pain 2° trauma (screws + steel placed) | |
| | |
| | |

| HERBAL AND NUTRITIONAL SUPPLEMENTS | OVER THE COUNTER OR PRN MEDICATION |
|---|---|
| Ø | Ø |
| | |

1830



Premier Community Healthcare Gr    **EXHIBIT NO. B19F**
Behavioral Health Patient Contact S    **PAGE: 62 OF 70**

Name _Kevin Burns_                    MR# _96049_

**EXHIBIT NO. B2F**
**PAGE: 10 OF 18**

| Date | Service | Provider | Wt | Ht | HR | BP | TX Plan | |
|------|---------|----------|-----|-----|-----|-----|---------|---|
| 1/30/06 | 90801 | MPH | 291# | 71" | | | | |
| 2/28/06 | 90862 | MPH | 296 | | | | | |
| 3/7/06 | 90862 | MDH | | | | | | |
| 3/14/06 | NCNS | FS/MPH | | | | | | Walk-in |
| 3/16/06 | 99361 | FS/MPH | | | | | | |
| 3/29/06 | NCNS | FS/MPH | | | | | | |
| 4/5/06 | NCNS | FS/MPH | | | | | | |
| 4/11/06 | 90361 | FS/MPH | | | | | | Walk-in |
| 5/30/06 | 90862 | MPH | | | | | | Crisis Walk-in |
| 6/5/06 | 99361 | FS/MPH | | | | | | |
| 6/19/06 | 99361 | FS/MPH | | | | | | Assess w/ 7 & meds |
| 9/14/06 | 99361 | FS/MPH | | | | | | |
| 10/24/06 | 99361 | FS/MPH | | | | | | |
| 11/1/06 | 99361 | FS/MPH | | | | | | |
| 5/6/09 | PTS | RECORDS COPIED & SENT NY | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Advance Directive Pamphlet
Given _9/10/06_



IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KAIN

~~KEVIN LEE~~ BURNS,

    Plaintiff,

v.                      Case No. 1:24-cv-68-AW-MAF

CHERYL and JOHN GOOLDIN,
STATE OF FLORIDA, et al.,

    Defendants.

_____/

**DISTRICT COURT OF APPEAL, FIRST DISTRICT**
**2000 Drayton Drive,**
**Tallahassee, Florida 32399-0950**
**Telephone No. (850) 488-6151**

$8/8/8$         $8/8/2+D+2+4$
       , 2024    $\frac{24}{} = 24$    $8/8/2024 = 3 = \frac{}{8}$

Kain Burns, a/k/a Kevin Burns,    **Case 1D2024-1592**
    Appellant(s)    L.T. No.: 15-2023-CC-000099

v.

Cheryl Gooldin and John Gooldin,
    Appellee(s).

**DISTRICT COURT OF APPEAL, FIRST DISTRICT**
**2000 Drayton Drive,**
**Tallahassee, Florida 32399-0950**
**Telephone No. (850) 488-6151**

$8/8/8$    , 2024  $8+8+2+0+2+4 = 24 \div 3 = \frac{}{8}$
                          $8/8/2024$

Kain Burns, a/k/a Kevin Burns    **Case 1D2024-1362**
    Appellant(s)    L.T. No.: 15-2024-CC-000035    85

v.

Cheryl Gooldin and John Gooldin,
    Appellee(s).

IN THE (1) FIRST District Court of ~~the Anti-Christ~~ APPEAL'S

(2) BURNS
Appellant(s)

v.

(3) Cooldin
Appellee(s)

First DCA Case No.: (4) 1D-2024-1362
1D-2D24-1592

Lower Tribunal Case No.: (5) 15-2024-cc-000035
15-2023-cc-000099

## AMENDED NOTICE OF APPEAL

NOTICE IS GIVEN that (2) ~~[scribble]~~ "KAIN", Appellant, appeals to the First District Court of Appeal the Order of this Court rendered (see Florida Rule of Appellate Procedure 9.020(g)), (6) _____ The nature of the order is a final order (7) of Eviction made in violation of my 19th Amendments Right,

Respectfully submitted,

(8) _JB_

Name: (9) KAIN BURNS

Address: (10) Po Box 555,
OLD TOWN, FL, 32610

## CERTIFICATE OF SERVICE

I hereby certify that a copy hereof has been furnished to (11) Them once again

by (12) Certified mail   this (13) 8 day of (14) August
20(15) 2024 - 8-8-8

(8) _JB_
Signature

86





# Supreme Court of Florida

### Office of the Clerk
### 500 South Duval Street
### Tallahassee, Florida 32399-1927

JOHN A. TOMASINO
  CLERK
MARK CLAYTON
  CHIEF DEPUTY CLERK
JULIA BREEDING
  STAFF ATTORNEY

PHONE NUMBER: (850) 488-0125
www.floridasupremecourt.org

Monday, October 21, 2024

RE:     Kain Burns, a/k/a Kevin Burns,
                Petitioner(s)
        v.

        Cheryl Gooldin and John Gooldin,
                Respondent(s)

Case Number: SC2024-1337
Lower Tribunal Case Number(s):  1D2024-1592;
152023CC000099CCAXMX

The Florida Supreme Court has received the following document reflecting a filing date of October 21, 2024.

"Writ of Certiorari" styled before the United States Court of Appeals - Filed with the Third Judicial Circuit, in and for Dixie County, Florida, and forwarded 10/21/2024.

Petitioner's filing is returned herewith.  Petitioner is advised that the United States Supreme Court does not have appeal jurisdiction; however, petitioner may petition for a writ of certiorari.  Enclosed is a sample packet to assist petitioner in filing his petition.

LC                                                              87

**UNITED STATES POSTAL SERVICE.**

CROSS CITY
151 SW CEDAR ST
CROSS CITY, FL 32628-2105
(800)275-8777

10/30/2024                                    02:09 PM
----------------------------------------
Product            Qty   Unit    Price
                          Price
----------------------------------------
First-Class Mail®   1             $2.31
Large Envelope
    Tallahassee, FL 32399
    Weight: 0 lb 3.70 oz
    Estimated Delivery Date
        Sat 11/02/2024
    Certified Mail®                   $4.85
        Tracking #:
        9589 0710 5270 1305 9530 81
Total                                 $7.16

First-Class Mail®   1             $2.31
Large Envelope
    Atlanta, GA 30303
    Weight: 0 lb 3.70 oz
    Estimated Delivery Date
        Sat 11/02/2024
    Certified Mail®                   $4.85
        Tracking #:
        9589 0710 5270 1305 9526 71
Total                                 $7.16

First-Class Mail®   1             $2.31
Large Envelope
    Chiefland, FL 32626
    Weight: 0 lb 3.70 oz
    Estimated Delivery Date
        Fri 11/01/2024
    Certified Mail®                   $4.85
        Tracking #:
        9589 0710 5270 1305 9530 74
    Return Receipt                    $4.10
        Tracking #:
        9590 9402 8407 3156 1753 42
Total                                $11.26

----------------------------------------
Grand Total:                         $25.58
----------------------------------------
Cash                                 $30.00
Change                               -$4.42
----------------------------------------

---

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com

Certified Mail Fee

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery  $          Postmark
☐ Adult Signature Required         $            Here
☐ Adult Signature Restricted Delivery  $
Postage
$
Total Postage and Fees
$
Sent To  11th Circuit Court of APPEALS
Street and Apt. No., or PO Box No.  56 Forsyth  st  NW
City, State, ZIP+4®  ATL    GA   30303

PS Form 3800, January 2023                See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery  $          Postmark
☐ Adult Signature Required         $            Here
☐ Adult Signature Restricted Delivery  $
Postage
$
Total Postage and Fees
$
Sent To  GRIFFIS LAW
Street and Apt. No., or PO Box No.  13 SE 1st AVE
City, State, ZIP+4®  Chifland , FLA  32626

PS Form 3800, January 2023                See Reverse for Instruction

---

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery  $          Postmark
☐ Adult Signature Required         $            Here
☐ Adult Signature Restricted Delivery  $
Postage
$
Total Postage and Fees
$
Sent To  1st DCA
Street and Apt. No., or PO Box No.  2000  DRAYTON Drive
City, State, ZIP+4®  Tella , FLA  32399 - 0950

PS Form 3800, January 2023                See Reverse for Instructi

88

Mine

I HEREBY CERTIFY that the *Following* is a true copy of the original *and was*

Served by mail to the 1st DCA at the Address given below or
to the Florida Supreme Court at 500 S. DUVAL St, TALLA,
Florida 32399 AND GRIFFIS LAW FIRM 13 SE 4St AVE, Cheifland,
Florida 32626 AND HAND DELIVERED TO Dixie County Courthou.
As well as other places; Certifation of Cirtied Service Done

Florida     Supreme     Court                      Motion     1

## DISTRICT COURT OF APPEAL, FIRST DISTRICT
### 2000 Drayton Drive,
### Tallahassee, Florida 32399-0950
### Telephone No. (850) 488-6151

DIXIE CO CLERK OF CO
JAN 23 2025 PM 12:19

January 2, 2025

1/6/25   KAIN Is-REAL                              1S 2023 -cc-000099
~~Kevin Burns~~, a/k/a Kevin Burns          Case 1D2024-1362
                Appellant(s)                 L.T. No.: 15-2024-CC-000035

v.                                           MOTION FOR RE HEARING

Cheryl Gooldin and John Gooldin,                     OR
                Appellee(s).

                                          AKA BURNS, K

BY ORDER OF ~~THE COURT~~: KAIN Is-REAL I APPEAL THE
FollowING Order by the Court dismissing my case illegally
Because Appellant failed to respond to this Court's order docketed
December 10, 2024, which required Appellant to show cause why this case
should not be dismissed for failure to comply with this Court's order of
October 22, 2024, directing him to serve a copy of the initial brief on counsel
for Appellee and to file a supplemental certificate of service showing service,
the Court dismisses this case.

And Petition for U.S. code 241 Conspiracy against Right Review
                                                              89
COMES NOW, MR. ISREAL/BURNS, K Who files this Notice of

CLERK OF COURT
JUN 20 2024 PM 1:50

# DISTRICT COURT OF APPEAL, FIRST DISTRICT
## 2000 Drayton Drive,
## Tallahassee, Florida 32399-0950
## Telephone No. (850) 488-6151

May 29, 2024

Kain Burns, a/k/a Kevin Burns
          Appellant(s)

v.

Cheryl Gooldin and John Gooldin,
          Appellee(s).

**Case 1D2024-1362**
L.T. No.: 15-2024-CC-000035

## BY ORDER OF THE COURT:

Within ten days from the date of this order, Appellant shall file in this Court an amended notice of appeal that contains a proper certificate of service **showing service on opposing party or counsel at a complete current address**. A copy of Florida Rule of Appellate Procedure 9.420, which defines certificate of service, and an example form amended notice of appeal are included with Appellant's copy of this order. If Appellant fails to timely comply with this order, the Court may dismiss the appeal without further opportunity to be heard. Fla. R. App. P. 9.410.

I HEREBY CERTIFY that the foregoing is a true copy of the original court order. *and Motion has been hand delivered to, All Party's on 6/20/24 And given to/or witnessed left*

Served:
Kevin Burns *Kain*
Dixie Clerk

PP

*Signatrs Lorri Terry
None 6/20/24*

*KAIN BURNS
6-20-24*

*WITNESS John B*

90



KAIN Is REAL (LLC)

Homeless

SSJ - 32680

**CERTIFIED MAIL**

9589 0710 5270 1305 9530 74

Retail

U.S. POST
FCM LG
CROSS
OCT 30

32626

$11.

RDC 99

R2303S10

GRIFFIN LAW
4St AVE
Chiefland, FLA 3262<sup>26</sup>

W/

UNCLAIMED

NIXIE    326    4C 1    7212/08/24
RETURN TO SENDER
UNCLAIMED

-00399

HOW CAN A DISABLED TENANT WHO PAID THERE RENT
HAVE THEIR APPEAL DISMISSED DUE TO A OFFICER
OF THE COURT REFUSING TO PICK UP SECOND NOTICE
OF APPEAL?



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Chiefland, FL 32626

| Certified Mail Fee | $4.85 | 0345 |
| Extra Services & Fees *(check box, add fee as appropriate)* | | 04 |
| ☐ Return Receipt (hardcopy) $ | $0.00 | |
| ☐ Return Receipt (electronic) $ | $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery $ | $0.00 | Here |
| ☐ Adult Signature Required $ | $0.00 | |
| ☐ Adult Signature Restricted Delivery $ | | |
| Postage | $1.77 | |
| Total Postage and Fees | $10.72 | 12/02/2024 |

Sent To GRIFFIS LAW
Street and Apt. No., or PO Box No. 13 SE 1st AVE
City, State, ZIP+4 Chiefland Fla. 32626

PS Form 3800, January 2023 PSN 7530-02-000-9047    See Reverse for Instructions

1D2024-2736

Kevin Burns
P.O. Box 555
Old Town FL 32680

Maled

LORD Angles of fire to

they money

Check on line for a

~~fucking~~ correct copy and ........ (thr.

KAIN Is REAL the homeless JEU

course of you

9 200

(1 of 13)



**OFFICIAL CHECK**

No. 1330000112

**RADIANT**
CREDIT UNION
4440 NW 25TH PLACE • GAINESVILLE, FL 32606 • (352) 381-5200

63-7845
2631

Pay *** TWO HUNDRED TWENTY-TWO DOLLARS AND 00 CENTS ***

03/07/24

$222.00

To The Order Of: DIXIE COUNTY CLERK OF COURT
RE: KEVIN LEE BURNS
PO BOX 555
OLD TOWN FL 32680-0555

VOID AFTER 90 DAYS



AUTHORIZED SIGNATURE

⑈1330000112⑈ ⑆263178452⑆    800101001⑈

(1)   222 dollar money order was entered and witnessed sent
       certified mail by the ~~postal worker~~.

3/7/23
Date

~~Jason Dentey~~
~~postal worker~~ Witnessed by

3/7/23
Date

KEVIN "KAIN" BURNS

93





## UNITED STATES POSTAL SERVICE.

OLD TOWN
26164 SE HIGHWAY 19
OLD TOWN, FL 32680-3913
(800)275-8777

03/07/2024                          04:13 PM
--------------------------------------------
Product              Qty    Unit      Price
                            Price

First-Class Mail®     1               $0.92
Letter
    Cross City, FL 32628
    Weight: 0 lb 1.50 oz
    Estimated Delivery Date
      Sat 03/09/2024
    Certified Mail®                   $4.40
    Tracking #:
      9589 0710 5270 0436 0329 62
Total                                 $5.32
--------------------------------------------
Grand Total:                          $5.32
--------------------------------------------
Cash                                 $10.00
Change                               -$4.68

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
 and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
          1-800-222-1811.

         Preview your Mail
         Track your Packages
        Sign up for FREE @
 https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
      Thank you for your business.

     Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device.



      or call 1-800-410-7420.

--------------------------------------------

UFN: 116750-0894
Receipt #: 840-53200230-2-4445441-2
Clerk: 15

---

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

9589 0710 5270 0436 0329 62

| Certified Mail Fee | $1.10 | |
| $ | | |
| Extra Services & Fees (check box, add fee as appropriate) | | |
| ☐ Return Receipt (hardcopy) | $ | |
| ☐ Return Receipt (electronic) | $ | Postmark |
| ☐ Certified Mail Restricted Delivery | $ | Here |
| ☐ Adult Signature Required | $ | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | $0.92 | |
| Total Postage and Fees | | |
| $ | | 03/07/2024 |

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, January 2023 PSN 7530-02-000-9047    See Reverse for Instructions

94

11



*A-4*

*Clerk of the Circuit Courts Dixie County*
**Barbara Higginbotham**

**PO Box 1206**
**214 NE HWY 351**
**Cross City, FL 32628**
**352-498-1200**

RE: CASE #23-CC-99                    FEBRUARY 28, 2024

Dear Mr. Burns:

Good morning,

Per our phone conversation this morning, I am sending you a copy of the paperwork that was mailed to you back on 02/14/2024 which was mailed to you Certified Mail. Our office has not received it back as of today.

Thank you,

*Kim Hodge*

Deputy Clerk
Kim Hodge
352-498-1200 Ext #2505

q S

A-3



To: DIXIE County Clerk of COURT

FROM: KEVIN "KAIN" BURNS

IN RE: KEVIN "KAIN" BURNS vs Cheryl and John goldin

SEE OTHER SIDE FOR CASE #

I am providing a Money ORDERS in the amount of
222.00 dollars for 4 months Rent 200 dollars and
11% courT Fee's totaling (2+2+2=6) 222. dollars.

Signed _____ Post office  2/8/24

_____ witnessed me  DATE

_____ order in the

en velope letter

Kevin "Kain" BURNS
1500 NE 239th AVE
OLD TOWN, FLA 3268

96

C
A-5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

## KEVIN BURNS,

PO BOX 555, 32680

### Plaintiff,

### Vs.

Case #1:23-cv-00205  RH-MAF (tba)

verna wilson, chief deputy clerk, FOR DIXIE COUNTY FLORIDA,

PO BOX 1206, 32680,

### And

barbie higginbotham, clerk of circuit court, FOR DIXIE, COUNTY, FLORIDA, PO BOX 1206, 32680,

### And

state of florida,

400 S. MONROE STREET, TALLAHASSEE, FLORIDA 32399,

### Defendants.

Request for exhibit waive as it is the bases for this ___5___ page complaint.....

# SWORN AND NOTARIZED
# PETITION                    FOR

RCV'D USDC FLND GV
AUG 14 '23 PM 3:16

1-40 97
Exhibites

CM/ECF - U.S. District Court:flnd                    https://flnd-ecf.sso.dcn/cgi-bin/DktRpt.pl?980887352867786-L_1_0-1

## U.S. District Court
### Northern District of Florida (Gainesville)
### CIVIL DOCKET FOR CASE #: 1:23-cv-00205-RH-MAF
### Internal Use Only

A-6

BURNS v. WILSON et al                             Date Filed: 08/14/2023
Assigned to: JUDGE ROBERT L HINKLE                Jury Demand: None
Referred to: MAGISTRATE JUDGE MARTIN A FITZPATRICK  Nature of Suit: 440 Civil Rights: Other
Cause: 28:1331 Fed. Question                       Jurisdiction: Federal Question

**Plaintiff**

KEVIN BURNS                          represented by  KEVIN BURNS
                                                     PO BOX 555
                                                     OLD TOWN, FL 32680
                                                     PRO SE

V.

**Defendant**

VERNA WILSON
*CHIEF DEPUTY CLERCK OF CIRCUIT COURT*
*FOR DIXIE COUNTY*

**Defendant**

BARBIE HIGGINBOTHAM
*CLERK OF CIRCUIT COURT FOR DIXIE COUNTY*

**Defendant**

STATE OF FLORIDA

## Proceedings for case 1:23-cv-00205-RH-MAF are not available

1330000105
No. 1330000105

NCUA

RADIANT CREDIT UNION
4440 NW 25th PLACE • GAINESVILLE, FL 32606 • (352) 381-5200

Acct: 0000149415 Teller: 1397 Date: 03/04/24 Time:  9:10am

See receipt for reference

Check Number: 00 1330000105
Purpose : SHARE WITHDRAWAL
Amount : $666.00
Pay to : CHERYL AND JOHN GOOLDIN
           RE: KEVIN LEE BURNS

A stop payment order will be accepted after 90 days of the Issuance of
this check provided it is lost, stolen or destroyed and a Declaration of
Loss and Indemnity Agreement has been properly executed.

No. 1330000105

63-7845
2631

OFFICIAL CHECK

03/04/24

$666.00

RADIANT
CREDIT UNION
4440 NW 25TH PLACE • GAINESVILLE, FL 32606 • (352) 381-5200

Pay *** SIX HUNDRED SIXTY-SIX DOLLARS AND 0,0 CENTS ***

VOID AFTER 90 DAYS

To The Order Of: CHERYL AND JOHN GOOLDIN
RE: KEVIN LEE BURNS

AUTHORIZED SIGNATURE

⑈1330000105⑈ ⑆263178452⑆  800 10 100⑈

# NOTICE OF INTENT TO TERMINATE LEASE

Date:

To:    KEVIN LEE BURNS
       1500 NE 239th Avenue
       Old Town, Florida 32680

We, John W. and Cheryl L. Gooldin, as your landlord for the property located at 1498 NE 239 Avenue, Old Town, Florida 32680, hereby notify you that we are hereby terminating and voiding our lease for failure to pay rent for at least six consecutive months.

Pursuant to the Florida Statute §83.57, this letter represents official notice to terminate the tenancy for the lease signed on April 1, 2020, of which there was no security deposit placed.

Kevin Lee Burns, along will all possessions, shall be required to vacate the premises by March 31, 2024.

John W. Gooldin
6250 7th Avenue
New Port Richey, Florida 34653

Cheryl L. Gooldin
6250 7th Avenue
New Port Richey, Florida 34653

Hand delivered

Posted

99

Served 1 3 10   Date 3/1/24
Server
ID#           296-e

38

2. The amount of rent due, unpaid and owing. ← falified Statement
3. Costs and reasonable attorney fees.
4. And for further relief the court deems fair and proper.

## VERIFICATION

STATE OF FLORIDA
COUNTY OF Pasco

We, John Gooldin and Cheryl Gooldin, being duly sworn, say we are the Plaintiffs in the above-entitled action. We have read the foregoing complaint and know the contents of the complaint. The contents are true to the best of our knowledge.

_____          _____
John Gooldin                              Cheryl Gooldin

SUBSCRIBED AND SWORN TO BEFORE ME on April 2nd, 2024, to certify my hand and official seal.

NICOLE PIKE
Notary Public · State of Florida
Commission # HH 120532
My Comm. Expires Apr 22, 2025
Bonded through National Notary Assn.

_____
Notary Public

THE GRIFFIS LAW FIRM, LLC.

By: _Stanley H. Griffis, III_____
STANLEY H. GRIFFIS, III
Florida Bar No. 118755
13 SE 1ST Avenue
Chiefland, Florida 32626
Tel.: (352) 535-2948
E-Mail: Stan@GriffisLawOffice.com
Attorney for Plaintiffs

102



# GRIFFIS
## LAW FIRM, LLC

STANLEY H. GRIFFIS III

GAINESVILLE PHONE
352-681-4529

CHIEFLAND PHONE
352-535-2948

CRIMINAL DEFENSE

CIVIL LITIGATION

EMINENT DOMAIN

PERSONAL INJURY
AND WRONGFUL DEATH

ESTATE PLANNING,
PROBATE AND
GUARDIANSHIP

FAMILY LAW

FLORIDA SUPREME COURT
CERTIFIED CIRCUIT
CIVIL MEDIATOR

GRIFFISLAWOFFICE.COM

MAIL:
13 SE 1ST AVE.

*PROOF the officer of the Court filed a fraudulant stat* [handwritten]

April 5, 2024

Kevin Lee Burns
Via hand delivery
Through process server

Re:    Gooldin v. Burns

Dear Mr. Burns;

Please find attached the payment you provided to Mr. and Mrs. Gooldin. Said payment is not being accepted and is being returned.

Sincerely,

/s/ Stanley H. Griffis

Stanley H. Griffis III

Filing # 195370171 E-Filed 04/03/2024 10:57:19 AM

<div align="center">

IN THE COUNTY COURT
IN AND FOR DIXIE COUNTY, FLORIDA.

</div>

JOHN GOOLDIN and
CHERYL GOOLDIN,

    Plaintiffs,

v.                               CASE NUMBER: 15-2024-CC-

KEVIN BURNS

    Defendant.

_____/

<div align="center">

## COMPLAINT FOR TENANT EVICTION

</div>

PLAINTIFFS, John Gooldin and Cheryl Gooldin, sue Defendant, Kevin Burns, and allege:

1.   This is an action to evict a tenant from real property in Dixie County, Florida.

2.   Plaintiffs own the following described real property in Dixie County, Florida, particularly described as 1498 NE 239TH Avenue, Old Town, Florida 32680.

3.   Defendant has possession of the property under a written agreement to pay rent of $50.00 a month payable by the 5th of each month. The agreement also provides that *"failure to pay the monthly fee for a period of 6 or more months will void this agreement."* The agreement is attached and made part of this Complaint as Plaintiff's Exhibit A.

4.   Defendant failed to pay rent (fee) due for a period of six months, commencing August, 2023.

5.   On March 1, 2024, Plaintiffs served Defendant with a notice of intent to terminate lease per section 83.57, Fla.Stat.. As of April 1, 2024, Defendant has not moved vacated the premises. A copy of this notice is attached to, and made part of, this Complaint as Plaintiff's Exhibit B.

6.   Plaintiffs are entitled to the summary procedure provided in Florida Statutes Chapter 51.

7.   Plaintiffs are entitled to an award of costs and reasonable attorney's fees pursuant to Florida Statutes Sections 83.59(4) and 83.625.

WHEREFORE Plaintiffs demand judgment against Defendant for the following:

1.   For possession of the property.

103

January 22, 2019

C

To Whom It May Concern:
RE: Kevin Burns

Kevin Lee Burns was born March 26, 1984 in Dade City, Florida, as Kevin Lee Rogers. He was raised and eventually adopted by his great-grand parents, Davey and Helen Burns, who have both passed away. My name is Cheryl (Rogers) Gooldin, Kevin's birth mother and grandchild of Davey and Helen Burns.

I have been in and around Kevin during most of his life. He has a history of mental health issues/concerns. He has multiple psychological issues.

In 2006 we allowed Kevin Burns to move in to our home, with the understanding that he get a job and pay rent. In the beginning we lent him one of our cars, until we got him one of his own. He had a plumbing job at a new school construction site. One day Kevin and I we talking and he got mad and started acting out. ~~My husband and I left and when we returned home we noticed a blood trail leading to the garage.~~ We found Kevin in the garage ~~cutting himself~~. He was not making any sense. ~~We got him cleaned up, bandaged and put him to bed.~~ My husband and I talked about what we were going to do. We decided to Baker Act him. Kevin begged and pleaded with us to wait until the morning. So we did. In the morning Kevin was gone. I had no contact with him until he was sentenced to prison for violating probation for a crime he committed when he was approximately 16 years old. {Another incident that involved an attempted suicide and a psychological exam.} He was always in a prison that supervised prisoners with mental health issues.

In 2015, Kevin once again asked for a place to stay. ~~We noticed multiple "cuts" on his arms and legs. He had been cutting himself.~~ I saw a police report where Kevin had tried to seek treatment at a mental facility in Manatee county. He was denied entry and went to Walmart, bought razor blades and deeply cut his wrist. The Bradenton Police Dept. initiated an Involuntary examination.

~~Kevin returned to New Port Richey and stayed for a while. On day Kevin came by our business and asked for money, a lot of money, I said no and he got very upset and left. He was gone when I got home. He started sending very nasty text and things spiraled out of control. I applied for and was granted an order of protection.~~

It was almost a year before I was contacted by an attorney for the Manatee Memorial Hospital who inform me that Kevin was in a coma on life support. He has been diagnosed with several mental health issues. His good days are good, but his bad days are bad. He has been battling these issues for most of his life.

Cheryl Gooldin
*Cheryl Gooldin*

DID SHROOM'S (LSD) while pregnote with me