**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

K. BURNS,

     Plaintiff,

v.                                                     Case No. 8:25-cv-2356-WFJ-NHA

NIKI FRIED, *et al.*,

     Defendants.

_____/

## <u>ORDER</u>

Plaintiff Kevin L. Burns, proceeding without an attorney, filed this action without paying the filing fee.  Dkt. 1.  Plaintiff simultaneously filed a motion to proceed *in forma pauperis*.  Dkt. 2.

On September 8, 2025, this Court denied the motion without prejudice to file the completed proper form to proceed without prepayment of fees and costs.  Dkt. 3.  Plaintiff was also ordered to file an amended complaint with careful instructions to follow the federal rules of procedure and to use the Clerk's form.  *Id.*  The order provided that if Plaintiff did not pay the filing fee and an amended complaint or did not file an amended complaint together with a new motion to proceed *in forma pauperis* by September 29, 2025, the case would be subject to dismissal.  *Id.*

The same day as the order was entered, an amended complaint arrived by mail from the Plaintiff.  Dkt. 4.  The order was not mailed to Plaintiff until the

following day.  Moreover, the amended complaint is almost identical to the original complaint, with no corrections made.  Therefore, it is doubtful that Plaintiff received the Court's order before the amended complaint with no significant alterations was received.  In any event, less than five days later, Plaintiff filed an eight-page document, which was docketed as an amended complaint.  Dkts. 5, 5-2.  It includes an order from Northern District of Florida dismissing his case there against the Commissioner of the Social Security Administration without prejudice for failure to prosecute and failure to comply with Court orders.  Dkt. 5-2 at 3–4.

A district court may dismiss a case under Rule 41(b), for failure to prosecute or comply with court orders or federal rules, and a court may dismiss a case, pursuant to its inherent authority, to "protect the orderly administration of justice and to preserve the dignity of the tribunal." *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1209 (11th Cir. 1985) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–65 (1980)); *see also Johnson v. DuBose*, 806 F. App'x 927, 928 (11th Cir. 2020) ("A district court may *sua sponte* dismiss a case under the authority of either Rule 41(b) or the court's inherent power to manage its docket."). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  This is

2

especially true when the dismissal is without prejudice, such that the plaintiff can re-file. *See*, *e.g.*, *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice under Rule 41(b) for failure to file a court-ordered brief was not an abuse of discretion).

Fifteen days have passed since the due date for the filings.  Plaintiff failed to comply with the Court's order and failed to prosecute this case.  Accordingly, this case is dismissed without prejudice.  The Clerk is directed to close the case.

**DONE AND ORDERED** at Tampa, Florida, on October 15, 2025.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**  Plaintiff, *pro se*